**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GOFORIT ENTERTAINMENT, LLC,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **VS.** | ) | **Case No. _____** |
| | ) | |
| **DIGIMEDIA.COM L.P.,** | ) | |
| **CYBERFUSION.COM L.P.,** | ) | **JURY TRIAL DEMANDED** |
| **HAPPYDAYS, INC.,** | ) | |
| **DIGIMEDIA.COM MANAGEMENT,** | ) | |
| **INC., and SCOTT DAY,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

---

## ORIGINAL COMPLAINT AND JURY DEMAND

---

Plaintiff, GoForIt Entertainment, LLC ("GoForIt" or "GoForIt.com") files this Original Complaint ("Complaint") and Jury Demand against Defendants, DigiMedia.com L.P., CyberFusion.com L.P., HappyDays, Inc., Digimedia.com Management, Inc., and Scott Day (collectively "Defendants") and in support thereof shows as follows:

### NATURE AND BASIS OF ACTION

1. This is an action for cyberpiracy in violation of Section 43(d) of the Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. § 1125(d), trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(1); use of false designations of origin, false descriptions and false representations, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement, in violation of the common law of Texas;  and unfair competition, in violation of the common law of Texas, all arising out of Defendants' inclusion of GoForIt's registered trademark

GOFORIT (the "GOFORIT Mark") in numerous domain names on the Internet.  GoForIt seeks injunctive relief, damages, statutory damages, punitive damages and recovery of its costs and reasonable attorneys' fees.

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff GoForIt is a Nevada limited liability company with its principal place of business in Cocoa Beach, Florida.

3.      Defendant Digimedia.com, L.P., is a limited partnership organized under the laws of the State of Texas.  The business of Digimedia.com L.P. is managed by its sole general partner, Digimedia Management, Inc.  In addition to its general partner, Digimedia.com L.P. is a limited partner with Defendant HappyDays, Inc. and Reflex Publishing, Inc.  Upon information and belief, Digimedia.com L.P.'s principal place of business is located at 4245 Kemp Blvd., Suite 818, Wichita Falls, Texas 76308.  Upon information and belief, Digimedia.com L.P. is in the business of creating, implementing and maintaining web sites under numerous domain names which target residents in this judicial district and elsewhere.

4.      Defendant CyberFusion.com, L.P. ("CyberFusion") is a limited partnership organized under the laws of the State of Texas.  Upon information and belief, like Digimedia.com L.P., CyberFusion's business is managed by its sole general partner, Digmedia.com Management, Inc.  Also like Digimedia.com L.P., CyberFusion has two limited partners: Defendant HappyDays, Inc. and Reflex Publishing, Inc.  Upon information and belief, CyberFusion's principal place of business is located at 4245 Kemp Blvd., Suite 818, Wichita Falls, Texas 76308.

5.      Defendant HappyDays, Inc. ("HappyDays") is a corporation organized under the laws of the State of Oklahoma.  Defendant Scott Day is the president and a director of HappyDays.  Happy Days is a limited partner of Digimedia.com L.P.  Upon information and belief, HappyDays' principal place of business is located at 211 N. Robinson, Suite 800, Oklahoma City, Oklahoma 73102.

6.      Defendant Digimedia.com Management, Inc. is a corporation organized under the laws of the State of Texas.  Defendant Scott Day is the president of Digimedia.com Management, Inc.  Digimedia.com Management, Inc. is the sole general partner of Digimedia.com, L.P. and CyberFusion.  Upon information and belief, Digimedia.com Management, Inc.'s principal place of business is located at 4245 Kemp Blvd., Suite 818, Wichita Falls, Texas 76308.

7.      Defendant Scott Day is a citizen and resident of Oklahoma.  Scott Day is a director and the president of Digimedia.com Management, Inc.  Digimedia Management, Inc. is the sole general partner of Defendants Digimedia.com, L.P. and CyberFusion, L.P. Scott Day is also a director and the president of Defendant HappyDays.  Upon information and belief, Scott Day regularly travels to counties within the Northern District of Texas to conduct business for Defendants Digimedia.com, L.P. and CyberFusion.

8.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1337, and 1338 because this case arises under the Lanham Act, 15 U.S.C. § 1051, et seq.

9.      This Court has jurisdiction over GoForIt's state law claims pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states.

10. This Court has personal jurisdiction over Defendants because Defendants are either residents/citizens of the State of Texas or are subject to personal jurisdiction in Texas pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 17.041, et seq. and the Due Process Clause of the United States Constitution.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as several of the Defendants reside in this district and are subject to personal jurisdiction in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

### GoForIt and its Distinctive GOFORIT Mark

12. Plaintiff GoForIt is in the business of operating an internet directory and website guide named "GoForIt.com" and additionally provides consulting services in the field of website creation, design and implementation.

13. GoForIt's directory website operated at "GoForIt.com" is designed to enable internet users to (1) make quick and easy internet searches and (2) query multiple topic-specific websites from a single location.

14. Since at least as early as 1995, long before the acts of the Defendants complained of herein, GoForIt has used the service mark GOFORIT and has continuously and exclusively used the GOFORIT Mark in connection with the services it provides.

15. The "GoForIt.com" website prominently features the GOFORIT Mark above the numerous search categories listed on the website, including (but not limited to) the categories "recipes", "business", "computers", and "games."

4

16.     By virtue of GoForIt's long-standing, continuous and exclusive use of the GOFORIT Mark in interstate commerce, GoForIt owns valid and enforceable service mark rights in the GOFORIT Mark in connection with the services it provides..

17.     GoForIt is also the owner of all right, title and interest in the United States Trademark Registration No. 2,408,165, duly and legally issued by the United States Patent and Trademark Office on November 28, 2000, for the GOFORIT Mark in connection with "Computer information services, namely, providing an index guide and directory database over the global computer information network in the nature of links to websites of others, consulting services in the field of creating, maintaining, designing and implementing web sites for others."

18.     GoForIt's federal registration is valid and subsisting in law, was duly and legally issued, is prima facie evidence of the validity of the GOFORIT Mark, and constitutes constructive notice of GoForIt's ownership of this mark, in accordance with Sections 7(b) and 22 of the Lanham Act, 15 U.S.C. §§ 1057(b) and 1072.

**The Internet and Domain Names**

19.     The Internet is a global network of inter-connected computers – known as servers, upon which information is stored and then accessed by millions of individuals and companies, organizations, educational institutions and governments worldwide to conduct commerce and exchange information and ideas.  Upon information and belief, the Internet has become an indispensable tool for businesses to promote, market and/or sell their products and services and for individuals to locate news, entertainment and information as well as to communicate and collaborate with one another.

20.     A well known and popular means of communication on the Internet is the "World Wide Web" (the "web"), where people search for and retrieve information stored on remote computers.  In order to access information on the web, people most often use software applications known as web browsers, including but not limited to: Microsoft's Internet Explorer ("MSIE"), Mozilla Firefox ("Firefox"), Google Chrome, Apple Safari, and Opera.

21.     Upon information and belief, there are several ways in which people on the Internet can access a website.  One method is via "direct navigation" which requires typing a domain name, IP address or Uniform Resource Locator ("URL") directly into the address bar of the browser.  Upon information and belief, direct navigation can be vulnerable to exploitation by typo-squatters: people who rely upon other people making mistakes when typing directly into the address bar of their browser.

22.     Upon information and belief, another method used by people to access a website is via a hyperlink that is usually contained within email messages, contained within instant messages or located on another website.  Upon information and belief, a large amount of hyperlink traffic originates from search engines such as Google and Yahoo!.

23.     Upon information and belief, people on the Internet can be misdirected and/or tricked into accessing websites they did not intend to visit or view.  This type of redirected website traffic or unintentional access is often the result of trickery, including but not limited to: adware and/or spyware, typo-squatting (also known as URL highjacking), pharming (modifying the host file on the victim's computer); exploitation of the entire DNS, exploitation of portions of the DNS (DNS cache poisoning),

exploitation of individual DNS server(s)/software; and computers compromised by viruses, worms, botnets, etc.

24.     An Internet website operator typically registers a domain name, which serves as the identifiable locator (web address) under which a specific website can be found.  Every domain name consists of at least two components: a top-level domain and a second-level domain.  In the domain name "widget.com," for instance, the ".com" is the top-level domain and "widget" is the second-level domain.

25.     Domain names can also be constructed with "subdomains" which always appear to the left of the second-level domain.   In the domain name "machine.widget.com," for example, "machine" is the "child" or subdomain of the parent "widget.com" domain name.

26.     Upon information and belief, the most common top-level domain names include ".com", ".org,", ".gov" and ".net".

27.     Upon information and belief, the domain names of many businesses consist of their trade name or trademark (*e.g.*, GOFORIT) as the second level domain plus a top level domain (*e.g.*, GOFORIT.COM).

28.     Upon information and belief, it has become increasingly popular for companies to use their trademarks as subdomains.  For example, the Walt Disney Corporation operates a website at "Disney.Go.Com" where the trademark "Go" is the second level domain and the trademark "Disney" is the subdomain.

**Defendants and Their Unlawful Use of the GOFORIT Mark**

29.     As of May 2006, the registration records of Tucows, Inc. identify Defendant CyberFusion as the registrant of a number of domain names whose second

level domain is identical to the top level domains "com", "org" and "gov", including "org.com", "com.org", "gov.org" and "org.net" (the "TLD Domain Names").  In the case of the domain name "com.org", for instance, ".org" is the top level domain and "com" – which is traditionally a top level domain – is the second level domain.

30.     Upon information and belief, the TLD Domain Names were previously registered to Defendant DigiMedia.com, L.P. but were subsequently transferred to Defendant CyberFusion.

31.     Each of the TLD Domain Names resolves to a directory style website, operated by CyberFusion, and contains a number of categories to be browsed or searched, similar to the format of Plaintiff's GoForIt.com website.  Nearly all of the external hyperlinks contained on the websites using the TLD Domain Names direct the Defendants' website visitors to websites of others.  Attached hereto as Exhibit "C" are copies of screen shots showing the web pages for "org.com", "com.org", "gov.org", and "org.net".

32.     As of May 2006, the registration records of Tucows, Inc. show Defendant DigiMedia.com, L.P. as the registrant of hundreds of domain names, including but not limited to the domain names "recipes.com", "business.org", "computergames.com" and the other domain names set forth in Exhibit "A" (the "DigiMedia.com, L.P. Domain Names").

33.     Each of the DigiMedia.com, L.P. Domain Names resolves to directory style websites that contain a number of categories related to the subject matter of the domain name used for the website.  Nearly all of the external hyperlinks contained on these websites direct the Defendants' website visitors to websites of others.

8

34.     By way of example, DigiMedia.com, L.P. operates a website under the domain name "webdesign.com" on which all of the following categories appear: "Website Design," "More Web Site Traffic", "Register Domain", "Web Site Hosting", "Custom Programming", "Web Site Promotion" and "Create Your Own Website".   A copy of DigiMedia.com, L.P.'s website homepage "webdesign.com" is attached hereto as Exhibit "D".

35.     In the case of the domain name "webdesign.com", the ".com" is the top level domain and "webdesign" is the second level domain.

36.     As of May 2006, the registration records of Tucows, Inc. show Defendant HappyDays as the registrant of numerous domain names, including but not limited to the domain names set forth in Exhibit "B." ("the HappyDays Domain Names")

37.     Each of the HappyDays Domain Names resolves to directory style websites that contain a number of categories related to the subject matter of the domain name used for the website.   Nearly all of the external hyperlinks within all of these websites direct the Defendant's website visitors to the websites of others.

38.     By way of example, HappyDays operates a website under the domain name "grandcayman.com" on which all of the following categories appear: "Grand Cayman", "Grand Cayman Hotels", "Grand Cayman Vacations", "Offshore Banking", "Caribbean Cruise", "Island Vacation", and "Diving Caribbean". A copy of the HappyDays homepage website "grandcayman.com" is attached hereto as Exhibit "E."

39.     In the case of the domain name "grandcayman.com" the ".com" is the top level domain and "grandcayman" is the second level domain.

40.    Defendant Scott Day is listed as the administrative and technical contacts for both (1) the TLD Domains and (2) the domain names registered to DigiMedia.com, L.P. and HappyDays.

41.    The TLD Domain Names registered to Defendant CyberFusion and the domain names registered to Defendants DigiMedia.com, L.P. and HappyDays will hereinafter collectively be referred to as the "Accused Domain Names."

42.    Upon information and belief, many of the Accused Domain Names use, as the second level domain, the same categories listed on the "GoForIt.com" website.  For example, one of the Accused Domain Names is "recipes.com", and "Recipes" appears as one of the indexed categories on the "GoForIt.com" website.

43.    Upon information and belief, Defendants generate revenue when visitors to the websites operated in connection with the Accused Domain Names "click through" to the websites of others from the Defendants' websites.  Known as "pay per click" advertising, Defendants receive a commission (payment) from Yahoo! each time a visitor to one of Defendants' websites accesses the website of a business that is listed on the Defendants' websites.  Thus, the Defendants' potential for revenue from Yahoo! is greater when the Defendants receive more traffic to their websites.

44.    Without authorization from GoForIt, Defendants have used GoForIt's federally registered GOFORIT Mark in connection with the Accused Domain Names.

45.    Specifically, the Defendants have incorporated the GOFORIT Mark as a subdomain in connection with the Accused Domain Names.  Attached hereto as Exhibit "F" are copies of screen shots showing "GOFORIT.COM.ORG" in the address bar of the webpage for "com.org," and other uses of the GOFORIT Mark as a subdomain of other

domain names owned by Defendants.  By way of further example, attached hereto as Exhibit "G" are copies of screenshots showing "GOFORIT.WEBDESIGN.COM" in the address bar of the webpage for "webdesign.com".  Also find attached hereto as Exhibit "H" copies of screenshots showing "GOFORIT.GRANDCAYMAN.COM" in the address bar of the webpage for "grandcayman.com."  In addition, attached hereto as Exhibit "I" are copies of screen shots showing "GOFORIT.INTERNETPROVIDERS.COM" in the address bar of the webpage for "internetproviders.com."

46.    When a visitor accessed one of Defendants' websites through the use of the GOFORIT Mark as a subdomain, the GOFORIT Mark appeared in the address bar directly above, but otherwise identified the Defendants' website and the GOFORIT Mark thereafter remained in the address bar, even after a visitor clicked on one of the categories listed on the website.  As an example, see Exhibit "J" attached hereto showing the GOFORIT Mark remaining in the address bar after the "custom programming" category link on "webdesign.com" was followed.

47.    Upon information and belief, Defendant Cyberfusion has further engaged in webpage framing and/or other website or server manipulation techniques, such that when a visitor was directed to CyberFusion's website using the GOFORIT Mark as a subdomain, the GOFORIT Mark remained in the address bar no matter which link on CyberFusion's website the visitor selected. See Exhibit "K" attached hereto showing "GOFORIT.COM.ORG" in the address bar after clicking on an advertising link for Circuit City.

48.    Upon information and belief, it has become increasingly popular for people to use keyboard shortcuts with their Internet web browser to aid in navigation

while viewing a webpage on the Internet.  Upon information and belief, <CTRL + ENTER> is a popular keyboard shortcut in both MSIE and Firefox web browsers.  Other browsers such as Google Chrome, Apple Safari and Opera also offer browser keyboard shortcuts.  In both MSIE and Firefox browsers, the <CTRL + ENTER> shortcut adds "http://www." to the beginning and ".com" to the end of any text in the user's address bar.  As an example, if the text "www.goforit.org" was in the user's address bar and the <CTRL + ENTER> keyboard shortcut was implemented, the user would have been directed to Defendants' website "http://www.www.goforit.org.com."

49.     Upon information and belief, <CTRL+SHIFT+ENTER> is a popular keyboard shortcut in both MSIE and Firefox web browsers.  In MSIE, this keyboard shortcut adds "http://www." to the beginning, and a top level domain suffix (specified by the user) to the end of any text in the user's address bar.  The default top level domain suffix for the <CTRL+SHIFT+ENTER> keyboard shortcut is ".com."  For example, in MSIE if the text "www.goforit.org" was in the user's address bar, and the <CTRL+SHIFT+ENTER> keyboard shortcut was implemented, the user would have been directed to Defendants' website "http://www.www.goforit.org.com".  In Firefox, the <CTRL+SHIFT+ENTER> keyboard shortcut adds "http://www." to the beginning and ".org" to the end of any text in the user's address bar.  Thus, using Firefox if the text "goforit.com" was in the user's address bar, and the <CTRL+SHIFT+ENTER> keyboard shortcut was implemented, the user would have been directed to Defendants' website "http://www.goforit.com.org."

50.     Upon information and belief, <SHIFT + ENTER> is a popular Internet web browser shortcut in Firefox.  This shortcut adds "http://www." to the beginning and

51.     Upon information and belief, Scott Day is the moving, active and conscious force behind the unlawful activities of DigiMedia.com, L.P., HappyDays, CyberFusion, and Digimedia.com Management, Inc. as set forth herein and has *de facto* control over the registration of the DigiMedia Domain Names, the CyberFusion Domain Names, and the HappyDays Domain Names.

52.     Upon information and belief, in order to generate additional revenue from Yahoo!, Defendants intentionally used the subdomain GOFORIT for the sole purpose of causing consumer confusion and redirecting to Defendants' websites (*e.g.*, "goforit.com.org") traffic that was intended for GoForIt's website.

53.     Upon information and belief, Defendants used the GOFORIT Mark as a subdomain with full knowledge that they have no legal right to use the name.

### COUNT I – Cyberpiracy

54.     GoForIt re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

55.     By using the GOFORIT Mark as a subdomain in the Accused Domain Names, Defendants have registered, trafficked in or used a domain name that is confusingly similar to the federally registered GOFORIT Mark and, upon information

and belief, Defendants have done so with the bad faith intent to profit unlawfully from the GOFORIT Mark.

56.     The aforesaid actions constitute cyberpiracy, in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

57.     The unauthorized use of the GOFORIT Mark as a subdomain of the Accused Domain Names has caused, and unless and until enjoined will continue to cause, irreparable injury to GoForIt and the goodwill associated with its GOFORIT Mark.  An award of monetary damages alone cannot fully compensate GoForIt for its injuries and therefore GoForIt lacks an adequate remedy at law.

58.     The foregoing acts have been, and continue to be, deliberate, willful and wanton, making this an "exceptional" case within the meaning of 15 U.S.C. § 1117.

## COUNT II – Federal Service Mark Infringement

59.     GoForIt realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 58 of the Complaint.

60.     Defendants' use of the GoForIt Mark as a subdomain in connection with the operation of directory style websites is likely to cause consumer confusion, mistake or deception as to the source or origin of Defendants' services.  Defendants' unauthorized use of the GOFORIT Mark, therefore, infringes GoForIt's exclusive rights in its federally registered service mark, in violation of § 32(a) of the Lanham Act, 15 U.S.C. § 1114(1).

61.     Defendants' unauthorized use of the GOFORIT Mark has enabled Defendants to earn profits to which they were not in equity or good conscience entitled and has unjustly enriched Defendants, all to Defendants' profit and GoForIt's damages.

62.     Defendants' aforesaid conduct has caused and, unless enjoined, will continue to cause irreparable injury to both GoForIt and  the goodwill associated with the GOFORIT Mark.

### COUNT III – Use of False Designations of Origin, False Descriptions and False Representations

63.     GoForIt realleges and incorporates herein by references the allegations contained in paragraphs 1 through 62 of the Complaint.

64.     The GOFORIT Mark serves to identify the services offered by GoForIt. Accordingly, services offered in connection with the GOFORIT Mark are regarded by the public as being sponsored by, approved by, authorized by, associated with or affiliated with GoForIt.

65.     Defendants have used the GOFORIT Mark as a subdomain in connection with websites offering services that are similar, if not identical, to the services offered by GOFORIT, which has caused confusion or mistake among the public as to the true origin, source, sponsorship, approval, authorization, association or affiliation of Defendants services, all to Defendants' profit and GoForIt's damage.

66.     The Defendants' aforesaid use of the GOFORIT Mark as a subdomain constitutes use of false designations of origin, false descriptions and false representations in interstate commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as a result of which GoForIt will continue to be irreparably injured unless and until Defendants' conduct is enjoined by this Court.

67.     The foregoing acts of trademark infringement have been, and continue to be, deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT IV – Common Law Trademark Infringement

68.     GoForIt realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 67 of the Complaint.

69.     GoForIt, by virtue of its prior adoption and use in interstate commerce of the GOFORIT Mark, in this judicial district and elsewhere, has acquired, established and owns valuable common law rights in the GOFORIT Mark.

70.     Defendants' use of the GOFORIT Mark as a subdomain in the Accused Domain Names constitutes copying and limitation by Defendants of the GOFORIT Mark, falsely designates the origin of Defendants' services, is likely to cause confusion, mistake or deception and, therefore, infringes GoForIt's common law rights in the GOFORIT Mark, in violation of the common law of Texas.

71.     Defendants' actions complained of herein, unless enjoined by this Court, will (1) result in the likelihood of confusion, mistake and deception by the public concerning the source or origin of services offered by Defendants, and (2) produce attendant irreparable injury and damage to GoForIt and its business reputation.

## COUNT V – Common Law Unfair Competition

72.     GoForIt realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 71 of the Complaint.

73.     By virtue of its prior use of the distinctive GOFORIT Mark in interstate commerce throughout the country, the GOFORIT Mark has come to be associated exclusively with GoForIt and its federally registered, distinctive GOFORIT Mark.

74.     Defendants' unauthorized use in interstate commerce of the GOFORIT Mark as a subdomain in connection with websites offering directory services that directly

compete with GoForIt's services, especially when coupled with the illicit use of webpage framing or website and/or server manipulation techniques to ensure that the GOFORIT Mark continues to appear in the domain name portion of the user's address bar regardless of what links a user selects, is likely to cause consumer confusion as to the source or sponsorship of Defendants' services.

75.     Upon information and belief, Defendants have used the GOFORIT Mark in the manner identified herein with the intent of trading unlawfully upon GoForIt's established goodwill in that mark. Defendants' actions, therefore, constitute unfair competition with GoForIt, in violation of the common law of Texas, and Defendants' actions have irreparably injured and will continue to irreparably injure GoForIt unless and until such conduct is enjoined temporarily, preliminarily and thereafter permanently by this Court.

**COUNT VI – Punitive Damages**

76.     GoForIt realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 75 of the Complaint.

77.     With full and actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result, Defendants have adopted the GOFORIT Mark as a subdomain for the sole purpose of benefiting from consumer traffic intended for GoForIt's website and have engaged in webpage framing or other website and/or server manipulation techniques in order to enhance the likelihood of consumer confusion with the GOFORIT Mark.

78.     Despite this knowledge, Defendants intentionally pursued the foregoing course of conduct in wanton disregard of GoForIt's resulting injury.

79.     As a result of Defendants' intentional and unlawful activities as set forth above, GoForIt is entitled to an award of punitive damages on its common law claims for trademark infringement and unfair competition.

**PRAYER FOR RELIEF**

WHEREFORE, by virtue of the Defendants' unlawful conduct as alleged in Counts I – VI of this Complaint, GoForIt respectfully prays that:

1.     The Court enter judgment that the GOFORIT Mark is valid and enforceable; and that Defendants, as a result of their use of the GOFORIT Mark as a subdomain of the Accused Domain Names, have engaged in acts of cyberpiracy in violation of 15 U.S.C. § 1125(a), have infringed the GOFORIT Mark in violation of 15 U.S.C. § 1114(1), have used false designations of origin, false descriptions and false representations in violation of 15 U.S.C. § 1125(a), have infringed GoForIt's rights in the GOFORIT Mark in violation of the common law of Texas, have engaged in unfair competition with GoForIt, in violation of the common law of Texas, and have otherwise injured GoForIt by using the GOFORIT Mark in the manner complained of herein.

2.     The Court issue an injunction enjoining Defendants and each of their related companies, agents, employees, attorneys, and/or representatives, and all of those persons in active concert or participation with them, from:

a.     using the GOFORIT Mark, or any confusingly similar term, mark or name, as part of any domain name, whether as a subdomain or otherwise, service mark, trademark or trade name;

      b.      using any mark that consists in whole or in part of the GOFORIT Mark, or any variation thereof, as a designation of origin, service mark, trademark, trade name, or domain name, in any form, or in any manner in connection with the operation of an Internet website;

      c.      passing off or inducing or enabling others to sell or pass off any goods, services, or websites that are not authorized by GoForIt as goods, services, or websites that are sponsored, endorsed by, associated or affiliated with GoForIt;

      d.      otherwise infringing the GOFORIT Mark, otherwise unfairly competing with, injuring the business reputation of, or damaging the goodwill of GoForIt in any manner, otherwise falsely representing themselves as being connected with, sponsored by, or associated with GoForIt, or otherwise engaging in deceptive trademark practices or unfair competition that in any way injures GoForIt.

3.      Defendants be required to account for and pay to GoForIt all profits Defendants have earned and all damages GoForIt has suffered as a result of Defendants' unlawful acts and that such amounts be trebled as provided by law under 15 U.S.C. § 1117.

4.      Defendants be required to pay GoForIt statutory damages pursuant to Section 35(d) of the Lanham Act, 15 U.S.C. § 1117(d), in the amount of $100,000 per Accused Domain Name.

5.      Defendants be required to pay GoForIt punitive damages for common law trademark infringement and unfair competition, in light of the willful and predatory nature of their actions.

6.      Defendants be required to pay GoForIt the costs of this action and the reasonable attorneys fees GoForIt has incurred in connection with this action, pursuant to 15 U.S.C. § 1117(a), in light of the exceptional nature of this action.

7.      GoForIt be granted such other, different, and additional relief as the Court deems just and proper.

## JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, the Plaintiff asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues.

Respectfully submitted this 10th day of November, 2008.

Richard A. Adams
Texas Sup. Ct. No. 00786956
Phillip N. Cockrell
Texas Sup. Ct. No. 04465500

Corey D. McGaha
Texas Sup. Ct. No. 24057992
**PATTON ROBERTS, PLLC**
2900 St. Michael Drive
400 Century Plaza
P.O. Box 6128
Texarkana, Texas 75505-6128

Alfonso Garcia Chan
Texas Bar No. 24012408
Patrick J. Conroy
Texas Bar No. 24012448
**SHORE CHAN BRAGALONE, LLP**
901 Main Street
Suite 3300
Dallas, Texas 75202

**ATTORNEYS FOR PLAINTIFF**