**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| GOFORIT ENTERTAINMENT, LLC, | ) | |
| | ) | |
| Plaintiff, Counter-defendant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DIGIMEDIA.COM L.P., | ) | |
| CYBERFUSION.COM L.P., | ) | |
| HAPPYDAYS, INC., | ) | |
| DIGIMEDIA.COM MANAGEMENT, INC. | ) | |
| and | ) | |
| SCOTT DAY, | ) | |
| | ) | |
| Defendants, Counterclaimants. | ) | Case No.  3:08-cv-02011-D |
| | ) | |
| DIGIMEDIA.COM L.P., | ) | |
| CYBERFUSION.COM L.P., AND | ) | |
| HAPPYDAYS, INC., | ) | |
| | ) | |
| Third Party Complainants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TUCOWS, INC., | ) | |
| | ) | |
| Third Party Defendant. | | |

## <u>DEFENDANT ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT</u>

Defendants Digimedia.com L.P. ("**Digimedia**"), Cyberfusion.com L.P. ("**Cyberfusion**"), HappyDays, Inc. ("**HappyDays, Inc.**"), Digimedia.com Management, Inc. ("**Digimedia Mgmt**") and Scott Day (collectively the "**Defendants**"), by counsel, for their Answer to the Complaint state:

1.     Defendants deny that Plaintiff states a claim under 15 U.S.C. §§ 1114(1), 1125(a), (d) or the common law of Texas.  Defendants deny that they have included the GOFORIT Mark in any of their domain names.   Defendants are without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 1 and, therefore, deny them.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, therefore, deny them.

3.      Defendants admit that Digimedia is a Texas limited partnership; that HappyDays, Inc. and Reflex Publishing, Inc are limited partners of Digimedia; that Digimedia Mgmt is the general partner of Digimedia; and that Digimedia's principal place of business is as alleged. Defendants further admit that Digimedia engages in a variety of internet-related business activities.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 and, therefore, deny them.

4.      Defendants admit the allegations in Paragraph 4.

5.      Defendants admit the allegations in Paragraph 5; except that Defendants deny that HappyDays' principal place of business is as alleged.

6.      Defendants admit the allegations in Paragraph 6.

7.      Defendants admit the allegations in Paragraph 7.

8.      Defendants admit the allegations in Paragraph 8.

9.      Defendants admit that the Court has jurisdiction over the Plaintiff's state law claims. Defendants further admit that there is complete diversity in this matter.  Defendants deny that 28 U.S.C. § 1332 grants the Court jurisdiction over the Plaintiff's state law claims.

10.      Defendants admit the allegations in Paragraph 10.

11.     Defendants admit the allegations in Paragraph 11.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, deny them.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, deny them.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, deny them.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, deny them.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, deny them.

17.     Defendants admit that: (a) Plaintiff is listed as the owner of United States Trademark Registration No. 2,408,165 on the website of the United States Patent and Trademark Office; (b) that the same website lists the registration date of that Registration as November 28, 2000; and (c) that one class of goods and services for that Registration is as alleged.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, deny them.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, deny them.

19.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, deny them.

20.      Defendants admit that people search for and retrieve information stored on remote computers on the Internet and on the World Wide Web.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 and, therefore, deny them.

21.      Defendants admit that there are several methods that people can use to access a website on the Internet.   Defendants further admit that one such method is by typing a domain name, IP address or URL directly into the address bar of an internet browser.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 and, therefore, deny them.

22.      Defendants admit that a method of accessing a website on the Internet is via a hyperlink. Defendants further admit that hyperlinks can be included within an email, an instant message or a website. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 and, therefore, deny them.

23.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, deny them.

24.      Defendants admit that an Internet website operator can register a domain name, and that a domain name can be used in connection with a website.  Defendants further admit the *widgets.com* domain name is part of the *com* top-level domain.  Defendants deny the remaining allegations in Paragraph 24.

25.     Defendants admit that the *machine.widget.com* domain name is part of the *widget.com* domain.  Defendants deny the remaining allegations in  Paragraph 25.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, deny them.

27.     Defendants admit that many businesses use a trademark as a label in their domain names. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, deny them.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, deny them.

29.     Defendants admit that in May 2006, Cyberfusion was the registrant of the org.com, com.org, and org.net domain names.  Defendants deny the remaining allegations in Paragraph 29.

30.     Defendants admit that the domain names *org.com*, *com.org*, and *org.net* were previously registered by Digimedia, and were subsequently transferred to Cyberfusion. Defendants further admit that Digimedia is the registrant of the *gov.org* domain name.  Defendants deny the remaining allegations contained in Paragraph 30.

31.     Defendants admit that the TLD Domain Names are the domain names of websites operated by Cyberfusion and Digimedia; that each of those websites includes a search box and hyperlinks to third party websites, amongst other things.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 and, therefore, deny them.

32.     Defendants admit that as of May 2006, Digimedia was the registrant of over a thousand domain names, including "recipes.com", "business.org", and "computergames.com".  Defendants deny that Digimedia registered all of the domain names set forth on Exhibit A to the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 and, therefore, deny them.

33.     Defendants admit that many of the domain names listed in Exhibit A are the domain names of websites operated by Digimedia; and that many of those websites include a search box and hyperlinks to third party websites, amongst other things.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 and, therefore, deny them.

34.     Defendants admit that Digimedia operates a website with the domain name *webdesign.com*.   Defendants deny the remaining allegation in Paragraph 34.

35.     Defendants admit that the *webdesign.com* domain name is a part of the *com* top level domain.   Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants admit the allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants admits that HappyDays operates a website in connection with the *grandcayman.com* domain name.  The Defendants deny the remaining allegation in Paragraph 38.

39.     Defendants admit that *grandcayman.com* domain name is a part of the *com* top-level domain.  Defendants deny any remaining allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants do not believe a response is necessary to the statements in paragraph 41, but in the event that Paragraph 41 contains an allegation, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny them.

42.     Defendants admit that one of the Accused Domain Names is *recipes.com* and that "Recipes" appears on the Plaintiff's website.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 and, therefore, deny them.

43.     Defendants admit that many of the websites operated in connection with the Accused Domain Names use "pay per click" advertising.   Defendants further admit that Yahoo! pays the relevant Defendant a fee when an internet user clicks on one of the ads listed on one of the Defendants' websites.  Defendants deny the remaining allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants specifically deny that they have "incorporated the GOFORIT Mark as a subdomain in connection with the Accused Domain Names."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45 and, therefore, deny them.

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 and, therefore, deny them.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 and, therefore, deny them.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, deny them.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, deny them.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, deny them.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants do not believe a response is necessary to the statements in paragraph 54, but in the event that Paragraph 54 contains an allegation, Defendants incorporate their responses to Paragraphs 1-53.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants do not believe a response is necessary to the statements in paragraph 59, but in the event that Paragraph 59 contains an allegation, Defendants incorporate their responses to Paragraphs 1-58.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants do not believe a response is necessary to the statements in paragraph 63, but in the event that Paragraph 63 contains an allegation, Defendants incorporate their responses to Paragraphs 1-62.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, therefore, deny them.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

68.     Defendants do not believe a response is necessary to the statements in paragraph 68, but in the event that Paragraph 68 contains an allegation, Defendants incorporate their responses to Paragraphs 1-67.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants do not believe a response is necessary to the statements in paragraph 72, but in the event that Paragraph 72 contains an allegation, Defendants incorporate their responses to Paragraphs 1-71.

73.     Defendants deny the allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74.

75.     Defendants deny the allegations in Paragraph 75.

76.     Defendants do not believe a response is necessary to the statements in paragraph 76, but in the event that Paragraph 76 contains an allegation, Defendants incorporate their responses to Paragraphs 1-75.

77.     Defendants deny the allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants specifically denies that Plaintiff is entitled to any relief or any kind and denies any allegations contained in Plaintiff's Prayer For Relief.

## AFFIRMATIVE DEFENSES

81.     The Complaint fails to state a claim upon which relief can be granted.

82.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, acquiescence and/or estoppel, and by the applicable statute of limitations.

83.     Plaintiff's claims are barred in whole or in part, by the doctrine of unclean hands.

84.     Defendants have the lawful right to use their domain names at issue in this matter.

85.     Defendants alleged use of the GOFORIT mark is a fair use.

        WHEREFORE, Defendants pray that Plaintiff take nothing by way of its Complaint and that the Court dismiss his claims with prejudice and award Defendants, its costs, expenses and attorneys' fee in defending the matter and award such other relief as the Court considers appropriate.

## <u>DEFENDANTS' COUNTERCLAIM</u>

1.      The Defendants hereby incorporate their responses to Paragraphs 1-85 in their Answer above.

## JURISDICTION

2.      The Court has personal jurisdiction over the Plaintiff via its instigation of this action.

3.      The Court has subject matter jurisdiction over the Defendants' Counterclaims under 28 U.S.C. §§ 1331, 1337, 1338 and 1367.

## PARTIES

4.      Digimedia is a Texas limited partnership with its principal place of business in Wichita Falls, Texas.

5.      Digimedia Mgmt is a Texas corporation with its principal place of business in Wichita Falls, Texas.

6.      Cyberfusion is a Texas limited partnership with its principal place of business in Wichita Falls, Texas.

7.      HappyDays is an Oklahoma corporation with its principal place of business in Waurika, Oklahoma.

8.      Scott Day is an Oklahoma resident.

9.      Upon information and belief, the Plaintiff, Goforit Entertainment LLC, is a Nevada limited liability company with its principal place of business in Cocoa Beach, Florida.

## FACTS

THE PRINCIPAL DEFENDANTS' BUSINESS

10.     Digimedia, Cyberfusion and HappyDays (the "**Principal Defendants**") operate various internet-related businesses.

11.     One of the principal sources of revenue for the Principal Defendants is the advertising income they generate from their various websites.  Generally, the Principal Defendants have engaged an intermediary to solicit advertising services on their behalf.

12.     For example, Digimedia has contracted with Yahoo!, Inc. to offer advertising on several of Digimedia's websites, including its Recipes.com website.  In turn, General Mills, Inc. has contracted with Yahoo!, Inc. to advertise its Pillsbury® baking products on third party websites. As a result, internet users can visit Digimedia's Recipes.com website and find recipe-related advertising for various third parties, including General Mills Pillsbury® baking products.  If an internet user clicks on an advertisement for Pillsbury® baking products on Recipes.com, they will be directed to the website located at the *www.pillsbury.com* domain name.  Yahoo!, Inc. will then charge General Mills a small fee because the user "clicked on" the General Mills advertisement on the Recipes.com website.  Yahoo!, Inc. pays Digimedia a portion of this fee. This system of advertising and payment is typically referred to as "pay-per-click" advertising.

13.     Thus, one source of income for the Principal Defendants is by offering third party advertising on their respective websites.  Under the pay-per-click advertising system described above, the Principal Defendants are only paid by Yahoo!, Inc. when an internet user clicks on the third party advertising, i.e., the Principal Defendants receive no compensation simply because an internet user navigates to one of the Principal Defendants websites.

14.     Each of the Principal Defendants has enabled Wildcard DNS in connection with each of their domains.  For example, Digimedia is the registrant of the *recipes.com* domain name.  Thus, an internet user that enters any domain name within the *recipes.com* domain (e.g., *recipes.com*, *something.recipes.com*, *gibberish.recipes.com*, *widgets.machine.recipes.com*) will be directed to the *recipes.com* homepage.

15.     In August of 2006, each of the Principal Defendants excluded domain names that include the goforit label from its Wildcard DNS process.  Thus, if a domain name in one of the Principal Defendants' domains includes the label goforit, then an internet user that enters such a domain name into the address bar of their web browser will receive an error message that that domain name does not exist (the precise error message will depend upon the web browser).

## THE LOCKED DOMAIN NAMES

16.     Tucows, Inc. ("**Tucows**") is the registrar for the Principal Defendants' domain names. None of the domain names registered with Tucows include a label that is identical to "goforit," is confusingly similar to "goforit," or is dilutive of "goforit."

17.     As a result, Plaintiff has no legitimate interest or claim to the domain names that the Principal Defendants have registered with Tucows.

18.     Nevertheless, after filing the Complaint in this matter Plaintiff contacted Tucows and requested that Tucows "implement a registration lock" upon domain names registered by Digimedia, Cyberfusion and Happydays (those domain names, the "**Locked Domain Names**"). *see* Ltr from Corey D. McGaha, Counsel for Plaintiff, to Tucows, Inc., *GoForIt Entertainment, LLC v. Digimedia.com L.P., et al* (Nov. 13, 2008)(attached as Exhibit A, and referred to as  the "**Tucows Letter**")).

19.     In compliance with Plaintiff's request in the Tucows Letter, Tucows has implemented a registration lock on the Locked Domain Names.   This registration lock prevents the Principal Defendants from making any changes to the Locked Domain Names, i.e., the Principal Defendants cannot sell any of the Locked Domain Names, nor can they move websites for the Locked Domain Names to another computer or hosting company.

20.     At the time the Tucows Letter was sent, the Principal Defendants were in the process of negotiating the sale of one of the Locked Domain Names for a one time payment of, with an option for additional periodic revenue opportunities (that Locked Domain the "**First Domain Name**").   As a result of the Tucows Letter, the buyer of the First Domain Name has subsequently suspended negotiations.

21.     Also, at the time the Tucows Letter was sent, the Principal Defendants were in the process of negotiating the sale of two more of the Locked Domain Names (the "**Second Domain Names**").  The Principal Defendants are unable to pursue this opportunity, because the sale requires that the Second Domain Names be transferred to a different entity.

22.     At the time the Tucows Letter was sent, the Principal Defendants were in the process of changing the company that hosts their websites.   The Principal Defendants have already paid the new hosting company (and are obligated to do so for the remainder of the term of their agreement with the new hosting company).  Before the Principal Defendants could modify the domain name records to point to the new hosting company, however, Tucows implemented its registration lock on the Locked Domain Names.   As a result, the Principal Defendants are unable to move their websites to the new hosting company.   This has resulted in additional expenses to the Principal Defendants.

23.     At the time the Tucows Letter was sent, the Principal Defendants were in the process of reconfiguring the nameservers for two of the Locked Domain Names for the purpose of increasing the Principal Defendants pay-per-click revenue (those Locked Domain Names, the "**Two Pay-Per-Click Domain Names**").    The planned reconfiguration required that the registration records for the Two Pay-Per-Click Domain Names be modified.   The implementation of the registration lock by Tucows prevents the planned reconfiguration from being completed.   As a result, the Principal Defendants' pay-per-click revenue from the Two Pay-Per-Click Domain Names is approximately half of what it would be had the planned reconfiguration been completed.

24.     At the time the Tucows Letter was sent, the Principal Defendants were partnering with several third parties to utilize certain Locked Domain Names for a variety of different revenue generating internet ventures (these Locked Domain Names the "**Partnered Domain Names**"). Under each of these partnerships, the Principal Defendants have the right to terminate the arrangement either immediately or within some reasonable period of notice to their partner.  In order to fully terminate the partnerships, the Principal Defendants would need to make changes to the registration records for the Partnered Domain Names.   Because the registration lock implemented by Tucows prevents such changes, the Principal Defendants are unable to fully terminate such partnerships, and are therefore locked into such agreements.

## COUNT 1: REVERSE DOMAIN NAME HIJACKING

25.     Digimedia, HappyDays and Cyberfusion reallege and incorporate by reference the allegations contained in Paragraphs 1-24 of the Counterclaim.

26.     Tucows has disabled the Locked Domain Names based on a knowing and material misrepresentation by Plaintiff that the Locked Domain Names are identical to, confusingly similar to, or dilutive of the GOFORIT mark.

27.     Plaintiff's actions there for constitute reverse domain name hijacking, and under 15 U.S.C. § 1114(2)(D)(iv), Plaintiff is therefore liable for any damages, including costs and attorney's fees, incurred by Digimedia, HappyDays and Cyberfusion as a result of Plaintiff's actions.

## COUNT 2: TORTIOUS INTERFERENCE WITH CONTRACT

28.     Digimedia, HappyDays and Cyberfusion reallege and incorporate by reference the allegations contained in Paragraphs 1-27 of the Counterclaim.

29.     Plaintiff was aware of that Tucows was a party to one or more contracts with Digimedia, HappyDays and Cyberfusion, whether written, oral, or at law, to serve as the domain names registrar for the Locked Domain Names.

30.      Plaintiff, through its actions, willfully and intentionally interfered with those contracts.

31.     Plaintiff's actions were the proximate cause of the Defendants' damages.

32.     Digimedia, HappyDays and Cyberfusion have suffered actual harm, as a result of Plaintiff's tortious interference with its contracts with Tucows.

## COUNT 3: ACPA - DECLARATORY JUDGMENT

33.     Defendants reallege and incorporate by reference the allegations contained in Paragraphs 1-32 of the Counterclaim.

34.     In the Complaint, Plaintiff alleges that Defendants have violated 15 U.S.C. § 1125(D).

35.     Defendants respectfully request declaratory judgment that each of the Defendants has not

violated 15 U.S.C. § 1125(D).

## COUNT 4: FEDERAL SERVICE MARK INFRINGEMENT – DECLARATORY JUDGMENT

36.     Defendants reallege and incorporate by reference the allegations contained in Paragraphs

1-35 of the Counterclaim.

37.     In the Complaint, Plaintiff alleges that Defendants have infringed Plaintiff's exclusive

rights in its federally registered mark, in violation of 15 U.S.C. § 1114(1).

38.     Defendants respectfully request declaratory judgment that each of the Defendants has not

violated 15 U.S.C. § 1114(1).

## COUNT 5: USE OF FALSE DESIGNATIONS OF ORIGIN, FALSE DESCRIPTIONS AND FALSE REPRESENTATIONS – DECLARATORY JUDGMENT

39.     Defendants reallege and incorporate by reference the allegations contained in Paragraphs

1-38 of the Counterclaim.

40.     In the Complaint, Plaintiff alleges that Defendants used a false designation of origin,

false description and false representation in interstate commerce in violation of 15 U.S.C.

§ 1125(a).

41.     Defendants respectfully request declaratory judgment that each of the Defendants has not

violated 15 U.S.C. § 1125(a).

## COUNT 6: COMMON LAW TRADEMARK INFRINGEMENT – DECLARATORY JUDGMENT

42.     Defendants reallege and incorporate by reference the allegations contained in Paragraphs 1-41 of the Counterclaim.

43.     In the Complaint, Plaintiff alleges that Defendants have infringed the Plaintiff's common law rights in the GOFORIT mark, in violation of the common law of Texas.

44.     Defendants respectfully request declaratory judgment that each of the Defendants has not infringed the Plaintiff's common law rights in the GOFORIT mark.

## COUNT 7: COMMON LAW UNFAIR COMPETITION – DECLARATORY JUDGMENT

45.     Defendants reallege and incorporate by reference the allegations contained in Paragraphs 1-44 of the Counterclaim.

46.     In the Complaint, Plaintiff alleges that Defendants' actions constitute unfair competition with the Plaintiff, in violation of the common law of Texas.

47.     Defendants respectfully request declaratory judgment that each of the Defendants' actions do not constitute unfair competition with the Plaintiff.

## DEMAND FOR JURY TRIAL

48.     Defendants request a trial by jury on all issues that may be tried by a jury.

WHEREFORE, Defendants pray for judgment against Plaintiff together with an award of Defendants' costs, interest, attorneys' fees and such other relief as the Court deems equitable and just.

## DEFENDANTS DIGIMEDIA, CYBERFUSION, HAPPYDAYS' THIRD PARTY COMPLAINT AGAINST TUCOWS, INC.

1.      Digimedia, Cyberfusion and HappyDays incorporate their responses and allegations in Paragraphs 1-85 in their Answer, and Paragraphs 1-48 in their Counterclaim.

## JURISDICTION

2.      Upon information and belief, Tucows, Inc. ("**Tucows**")is a corporation formed in Canada with its principal place of business at 96 Mowat Avenue, Toronto, ON Canada M6K 3M1. Tucows may be served with process by serving its President, Elliott Noss, 96 Mowat Avenue, Toronto, ON Canada M6K 3M1.

3.      Digimedia is a Texas limited partnership.

4.      Cyberfusion is a Texas limited partnership.

5.      HappyDays is an Oklahoma corporation.

6.      The Court has personal jurisdiction over Tucows via its actions, as described in this Third Party Counterclaim. Tucows has done business in Texas by contracting with Texas companies and committing acts directed toward Texas and Texas companies under circumstances in which the assumption of jurisdiction by a Texas court is consistent with due process. To the best of Third-Party Plaintiffs' knowledge and belief, Tucows does not maintain a registered agent for service of process in Texas and, therefore, is amenable to service through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, as to which the United States and Canada are contracting States.

7.      The Court has subject matter jurisdiction over this Third Party Complaint under 28 U.S.C. §§  1331, 1337, 1338 and 1367.

## FACTS

8.      Tucows offers a full range of services for Internet service providers and hosting companies that include a hosted email service, registration of domain names and related services like managed DNS, SSL digital certificates, exclusive access to sell Personal Names, and more.

9.      Tucows is the registrar of certain domain names owned by Digimedia, Cyberfusion and HappyDays.

10.     At some time after Plaintiff filed the Complaint in this matter, the Plaintiff contacted Tucows and requested that Tucows disable the domain names of Digimedia, Cyberfusion and HappyDays (those domain name, the "**Locked Domain Names**").

11.     In that communication, the Plaintiff sent a copy of the Complaint to Tucows and represented that the Locked Domain Names were identical to, confusingly similar to, or dilutive of the Plaintiff's GOFORIT mark.

## COUNT 1: WRONGFUL DISABLEMENT OF A DOMAIN NAME

12.     Digimedia, HappyDays and Cyberfusion each reallege and incorporate by reference the allegations contained in Paragraphs 1-11 of the Third Party Counterclaim.

13.     The Locked Domain Names are not identical to, confusingly similar to, or dilutive of the Plaintiff's GOFORIT mark.

14.     The registration and use of the Locked Domain Names is therefore not unlawful under the Lanham Act.

15.     Digimedia, HappyDays and Cyberfusion respectfully request that pursuant to 15 U.S.C. § 1114(2)(D)(v), the Court enter a declaratory judgment that:

(a)     the Locked Domain Names are not identical to, confusingly similar to, or dilutive of the Plaintiff's GOFORIT Mark;

(b)     Digimedia, HappyDays and Cyberfusion are the rightful owners of the Locked Domain Names; and

(c)     Plaintiff has no rights whatsoever in the Locked Domain Names.

16.     Digimedia, HappyDays and Cyberfusion also respectfully request that the Court grant an injunction which orders Tucows to reactivate the Locked Domain Names or otherwise remove whatever disablements Tucows has placed on the Locked Domain Names.

17.     Digimedia, HappyDays and Cyberfusion also request that the Court order such other relief as the Court considers appropriate.

## DEMAND FOR JURY TRIAL

18.     Digimedia, HappyDays and Cyberfusion request a trial by jury on all issues that may be tried by a jury.

WHEREFORE, Digimedia, HappyDays and Cyberfusion pray for judgment against Tucows together with an award of Digimedia, HappyDays and Cyberfusion's costs, interest, attorneys' fees and such other relief as the Court deems equitable and just.

Respectfully submitted,

  s/  Michael L. Atchley
Michael L. Atchley
Texas State Bar No. 01397600
POPE, HARDWICKE, CHRISTIE, SCHELL,
   KELLY & RAY, LLP
901 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102
(817) 332-3245 (Telephone)
(817) 877-4781 (Facsimile)
matchley@popehardwicke.com

**Attorney for Defendants**

Of Counsel:

Mack J. Morgan III, OBA #6397
Phillip L. Free Jr., OBA #15765
Drew T. Palmer, OBA #21317
CROWE & DUNLEVY
A PROFESSIONAL CORPORATION
20 N. Broadway, Suite 1800
Oklahoma City, OK 73102
(405) 235-7700 (Telephone)
(405) 239-6651 (Facsimile)
drew.palmer@crowedunlevy.com

**Certificate of Service**

I certify that a copy of this pleading is being served on counsel of record for

Plaintiff, through the Court's ECF system, on December 29, 2008.

 s/ Michael L. Atchley
Michael L. Atchley

# PATTON ROBERTS

*PLLC*

**KIRK PATTON, P.C.**

**DON W. CAPSHAW**\*
  Board Certified - Commercial Real
  Estate Law and Residential Real
  Estate Law\*\*

**PHILLIP N. COCKRELL**
  Board Certified – Business
  Bankruptcy Law\*\*

**JAMES CLARK WYLY**
  Board Certified – Personal Injury
  Trial Law\*\*

**RICHARD A. ADAMS**

**TINA R. GREEN**
  Board Certified – Tax Law and Estate
  Planning and Probate Law\*\*
  Certified Elder Law Attorney, Nat'l
  Elder Law Fndn, as recognized by
  Texas Board of Legal Specialization

**SEAN F. ROMMEL**

**MICHAEL R. UNGER**

**JACK T. PATTERSON, II**

**COREY D. McGAHA**

**JEREMY Y. HUTCHINSON**\*\*\*

**REID D. MILLER**\*\*\*

**OF COUNSEL**

**WILLIAM B. ROBERTS**
  Board Certified – Estate Planning
  and Probate Law and Tax Law\*\*

**LEISA BEATY PEARLMAN**

Shreveport Office by appointment only

\*Mediator
\*\*Texas Board of Legal Specialization
\*\*\*Licensed in Arkansas Only

November 13, 2008

Tucows, Inc.
96 Mowat Avenue
Toronto, ON
Canada M6K 3M1

RE:  *GoForIt Entertainment, LLC, v. DigiMedia.com
       L.P., et al,* In the United States District Court,
       Northern District of Texas, Dallas Division, Case
       3:08-cv-02011-D

Dear Sir or Madam,

   Pursuant to section/number 8 of Tucows' Master Services
Agreement - Master TLD Exhibit A (http://opensrs.com/resources/
contracts/exhibita.htm) as well as section/number 8 of Tucows
Master Services Agreement, v.1 .1,  APPENDIX B, page 2 of 29,
(http://opensrs.com/resources/contracts/master_services_v2-02.pdf),
we enclose (as Exhibit A hereto) a file stamped copy of the
Complaint filed in Case No. 3:08-cv-02011-D on November 10,
2008 in the United States District Court for the Northern District of
Texas, Dallas Division, by our client GoForIt Entertainment, LLC
("GoForIt") against several entities including DigiMedia.com, LP,
Cyberfusion.com LP, HappyDays, Inc. and DigiMedia.com
Management, Inc. and Scott Day (the "Defendants").

   The Complaint charges the named Defendants with, among other
things, service mark infringement and cyberpiracy in violation of the
Anticybersquatting Consumer Protection Act, based on their
unlawful use of the domain names set forth in the Exhibits to the
Complaint ("the Accused Domain Names").

400 Century Plaza • 2900 St. Michael Drive • Texarkana, Texas 75503 • P.O. Box 6128 • Texarkana, Texas 75505-6128
903 334-7000 • Fax 903 334-7007 • www.pattonroberts.com

EXHIBIT A

Page 2
Tucows, Inc. letter
November 12, 2008

As set forth in Section 8 of the Master Services Agreement, GoForIt requests that Tucows exercise its discretion and implement a registration lock upon the Accused Domain Names (each of which were registered using Tucow's OpenSRS system) that will prevent their transfer or any other modification of their registration records until the disputes described in the Complaint can be resolved.

We thank you in advance for your assistance in this matter. If you have questions regarding our request, please feel free to contact me.

Sincerely

Corey D. McGaha

CDM/slh
Enclosure
21711.001