# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **GOFORIT ENTERTAINMENT, LLC,** | ) | |
| | ) | |
|     **PLAINTIFF and** | ) | |
|     **COUNTER-DEFENDANT,** | ) | |
| | ) | |
| **VS.** | ) | **Case No. 3:08-cv-02011-D** |
| | ) | |
| **DIGIMEDIA.COM L.P.,** | ) | |
| **CYBERFUSION.COM L.P.,** | ) | **JURY TRIAL DEMANDED** |
| **HAPPYDAYS, INC.,** | ) | |
| **DIGIMEDIA.COM MANAGEMENT,** | ) | |
| **INC., and SCOTT DAY,** | ) | |
| | ) | |
|     **DEFENDANTS and** | ) | |
|     **COUNTER-CLAIMANTS.** | ) | |

## GOFORIT ENTERTAINMENT, LLC'S ANSWER AND
## AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM

Counter-Defendant, GoForIt Entertainment, LLC ("GoForIt"), files this Original Answer to Counter-Claimants, Digimedia.com L.P.; CyberFusion.com L.P., HappyDays, Inc., Digimedia.com Management, Inc. and Scott Day's, counterclaim, and in support thereof, would respectfully show the Court as follows:

1.    Inasmuch as Paragraph 1 of the Counterclaim simply incorporates the Answer of Counterclaimants to GoForIt's Original Complaint, GoForIt does not believe a response is necessary to Paragraph 1 of the Counterclaim, but in the event that Paragraph 1 contains an allegation, GoForIt denies that the affirmative defense asserted by Counterclaimants has merit and incorporates its allegations in its Original Complaint and Jury Demand and Supplement to Original Complaint and Jury Demand.

2. GoForIt admits the allegations in Paragraph 2 of the Counterclaim.

3. GoForIt admits that the Court has subject matter jurisdiction over the matters in dispute between the parties.

4. GoForIt admits the allegations in Paragraph 4 of the Counterclaim.

5. GoForIt admits the allegations in Paragraph 5 of the Counterclaim.

6. GoForIt admits the allegations in Paragraph 6 of the Counterclaim.

7. GoForIt admits HappyDays, Inc. is an Oklahoma corporation but denies the remaining allegations in Paragraph 7 of the Counterclaim.

8. GoForIt admits the allegations in Paragraph 8 of the Counterclaim.

9. GoForIt admits the allegations in Paragraph 9 of the Counterclaim.

10. GoForIt admits the allegations in Paragraph 10 of the Counterclaim.

11. GoForIt admits Digimedia.com L.P., CyberFusion.com L.P. and Happy Days, Inc. receive revenue through internet advertising arrangements, but GoForIt lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 11 of the Counterclaim, and, therefore, must deny the remaining allegations. GoForIt reserves the right to replead after discovery has been conducted on the nature, extent and amounts of revenue generated from their arrangements.

12. GoForIt admits that Digimedia.com L.P. has contracted with Yahoo!, Inc. for internet advertising on several of Digimedia.com L.P.'s websites and admits that a system of internet advertising for which revenues can be generated exists that is typically referred to as "pay-per-click" advertising, but GoForIt lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 12 of the Counterclaim and, therefore, must deny the remaining allegations. GoForIt

reserves the right to replead after discovery has been conducted on the nature, extent and amounts of revenue generated from these arrangements.

13. GoForIt admits that a system of internet advertising exists that is typically referred to as "pay-per-click" advertising and that revenues can be generated through such advertising, but GoForIt lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 13 of the Counterclaim and, therefore, must deny the remaining allegations. GoForIt reserves the right to replead after discovery has been conducted on the nature, extent and amounts of revenue generated from these arrangements.

14. GoForIt admits that Digimedia.com L.P. is the registrant of the *recipes.com* domain name and accepts Defendants' admission that they have enabled Wildcard DNS in connection with the use of their domain names, but GoForIt lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 14 of the Counterclaim and, therefore, must deny the remaining allegations. GoForIt reserves the right to replead after discovery has been conducted on the nature and extent of the Defendants' use of Wildcard DNS in conjunction with these domain names.

15. GoForIt admits that in August 2006, Digimedia.com L.P., CyberFusion.com L.P. and Happy Days, Inc. made some changes in the use of Wildcard DNS with respect to domain names that included the goforit label, but GoForIt lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 15 of the Counterclaim and, therefore, must deny the remaining allegations.

16. GoForIt admits Tucows, Inc. is the registrar for Digimedia.com L.P., CyberFusion.com L.P. and Happy Days, Inc.'s domain names, but GoForIt lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 16 of the Counterclaim and, therefore, must deny the remaining allegations.

17. GoForIt acknowledges that it has no ownership interest in the domain names registered by Defendants with Tucows, Inc., but denies the allegations that GoForIt has no legitimate interest in how these domain names are utilized in commerce if such use is unlawful.

18. GoForIt admits the letter attached as Exhibit A to the Counterclaim was sent to Tucows, Inc. after the Complaint was filed as authorized in the registration agreement between Tucows, Inc. and its registrants, including the Counterclaimants. GoForIt further states that to the extent the allegations in Paragraph 18 purport to characterize or summarize the letter attached as Exhibit A, the letter speaks for itself, and on that basis, GoForIt denies the remaining allegations.

19. GoForIt admits that Tucows, Inc. has reported to have implemented a registration lock on domain names registered by Digimedia.com L.P., CyberFusion.com L.P. and Happy Days, Inc., to prevent Digimedia.com L.P., CyberFusion.com L.P. and Happy Days, Inc. from making changes to the registration of any domain names subject to a registration lock. GoForIt further states that the letter attached as Exhibit A comports with the terms of the contract Tucows enters into with all of its domain name registrants and that, to the extent the allegations in Paragraph 19 of the Counterclaim purport to

characterize or summarize the letter attached as Exhibit A, the letter speaks for itself, and on that basis, GoForIt denies the remaining allegations.

20.     GoForIt lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 20 of the Counterclaim, and, therefore, must deny the same. GoForIt denies that as a result of the letter attached as Exhibit A to the Counterclaim any prospective buyer of a domain name registered by Digimedia.com L.P., CyberFusion.com L.P. and/or Happy Days, Inc. suspended negotiations for the sale of one of Digimedia.com L.P., CyberFusion.com L.P. and/or Happy Days, Inc.'s domain names. GoForIt further states that to the extent allegations in Paragraph 20 of the Counterclaim purport to characterize or summarize the letter attached as Exhibit A, the letter speaks for itself, and on that basis, GoForIt denies those allegations. GoForIt lacks sufficient knowledge or information to form a belief about the remaining allegations of Paragraph 20 of the Counterclaim and, therefore, denies the same.

21.     GoForIt denies that as a result of the letter attached as Exhibit A to the Counterclaim that Digimedia.com L.P., CyberFusion.com L.P. and/or Happy Days, Inc. were unable to pursue the sale of any domain names. GoForIt further states that to the extent allegations in Paragraph 21 of the Counterclaim purport to characterize or summarize the letter attached as Exhibit A, the letter speaks for itself, and on that basis, GoForIt denies those allegations. GoForIt lacks sufficient knowledge or information to form a belief about the remaining allegations of Paragraph 21 of the Counterclaim and, therefore, denies the same.

22.     GoForIt lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 22 of the Counterclaim and, therefore, denies the same.

23. GoForIt denies that as a result of the letter attached as Exhibit A to the Counterclaim Digimedia.com L.P., CyberFusion.com L.P. and/or Happy Days, Inc.'s pay-per-click revenue from any of their domain names is approximately half of what it would be had the planned reconfiguration been completed. GoForIt further states that to the extent allegations in Paragraph 23 of the Counterclaim purport to characterize or summarize the letter attached as Exhibit A, the letter speaks for itself, and on that basis, GoForIt denies those allegations. GoForIt lacks sufficient knowledge or information to form a belief asto the remaining allegations in Paragraph 23 of the Counterclaim and, therefore, denies the same.

24. GoForIt denies that as a result of the letter attached as Exhibit A to the Counterclaim that Digimedia.com L.P., CyberFusion.com L.P. and/or Happy Days, Inc. were unable to terminate any partnership. GoForIt further states that to the extent allegations in Paragraph 24 of the Counterclaim purport to characterize or summarize the letter attached as Exhibit A, the letter speaks for itself, and on that basis, GoForIt denies those allegations. GoForIt lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 24 of the Counterclaim and, therefore, denies the same.

25. GoForIt does not believe a response is necessary to the statements in Paragraph 25 of the Counterclaim, but to the extent a response is necessary, GoForIt incorporates its responses to Paragraphs 1 – 24 of the Counterclaim.

26. GoForIt denies the allegations in Paragraph 26 of the Counterclaim.

27. GoForIt denies the allegations in Paragraph 27 of the Counterclaim.

28. GoForIt does not believe a response is necessary to the statements in Paragraph 28 of the Counterclaim, but to the extent a response is necessary, GoForIt incorporates its responses to Paragraphs 1 – 27 of the Counterclaim.

29. GoForIt admits that it was aware that Tucows, Inc. was the registrar of domain names registered to Digimedia.com L.P., CyberFusion.com L.P. and Happy Days, Inc., but denies the remaining allegations of Paragraph 29 of the Counterclaim.

30. GoForIt denies the allegations in Paragraph 30 of the Counterclaim.

31. GoForIt denies the allegations in Paragraph 31 of the Counterclaim.

32. GoForIt denies the allegations in Paragraph 32 of the Counterclaim.

33. GoForIt does not believe a response is necessary to the statements in Paragraph 33 of the Counterclaim, but to the extent a response is necessary, GoForIt incorporates its responses to Paragraphs 1 – 32 of the Counterclaim.

34. GoForIt admits that, in the Complaint, GoForIt alleges that Defendants have violated 15 U.S.C. § 1125(d).

35. GoForIt denies Defendants are entitled to a declaratory judgment that each of the Defendants have not violated 15 U.S.C. § 1125(d).

36. GoForIt does not believe a response is necessary to the statements in Paragraph 36 of the Counterclaim, but in the event Paragraph 36 contains an allegation, GoForIt incorporates its responses to Paragraphs 1 – 35 of the Counterclaim.

37. GoForIt admits that, in the Complaint, GoForIt alleges that Defendants have violated 15 U.S.C. § 1114(1).

38. GoForIt denies Defendants are entitled to a declaratory judgment that each of the Defendants have not violated 15 U.S.C. § 1114(1).

39. GoForIt does not believe a response is necessary to the statements in Paragraph 39 of the Counterclaim, but in the event Paragraph 39 contains an allegation, GoForIt incorporates its responses to Paragraphs 1 – 38 of the Counterclaim.

40. GoForIt admits that, in the Complaint, GoForIt alleges that Defendants used a false designations of origin, false descriptions and false representations in interstate commerce in violation of 15 U.S.C. § 1125(a).

41. GoForIt denies Defendants are entitled to a declaratory judgment that each of the Defendants have not violated 15 U.S.C. § 1125(a).

42. GoForIt does not believe a response is necessary to the statements in Paragraph 42 of the Counterclaim, but in the event Paragraph 42 contains an allegation, GoForIt incorporates its responses to Paragraphs 1 – 41 of the Counterclaim.

43. GoForIt admits that, in the Complaint, GoForIt alleges that Defendants have infringed GoForIt's common law rights in the GOFORIT mark, in violation of the common law of Texas.

44. GoForIt denies that Defendants are entitled to a declaratory judgment that each of the Defendants has not infringed GoForIt's common law rights in the GOFORIT mark.

45. GoForIt does not believe a response is necessary to the statements in Paragraph 45 of the Counterclaim, but in the event Paragraph 45 contains an allegation, GoForIt incorporates its responses to Paragraphs 1 – 44 of the Counterclaim.

46. GoForIt admits, that in the Complaint, GoForIt alleges that Defendants' actions constitute unfair competition with GoForIt, in violation of the common law of Texas.

47. GoForIt denies that Defendants are entitled to a declaratory judgment that each of the Defendants' actions does not constitute unfair competition with GoForIt.

48. GoForIt requests a trial by jury on all issues that may be tried by a jury.

49. GoForIt denies Defendants are entitled to judgment against GoForIt, an award of Defendants' costs, interests, attorneys' fees and/or any relief in equity or in law.

## AFFIRMATIVE DEFENSES

50. The Counterclaim fails to state a claim upon which relief can be granted and should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

51. Counterclaimants' claims are barred by the doctrines of laches, waiver, acquiescence, illegality, and/or estoppel, and by the applicable statue of limitations.

52. Counterclaimants' claims are barred by the compulsory counterclaim rule.

53. GoForIt's actions are protected by the right guaranteed by the First Amendment of the United States Constitution, as delineated in the *Noerr-Pennington* doctrine.

54. Counterclaimants' claims are barred by the affirmative defenses of justification, legal justification, competition, privilege, economic privilege, excuse, and illegality of contract.

55. Counterclaimaints' claims are barred by the affirmative defense of trademark misuse.

56. Counterclaimants' claims are barred because they have misused, abused, or acted inequitably with respect to any rights they purportedly have in the domain names at issue.

57. Counterclaimants' claims for injunctive relief are barred because any alleged injury is not immediate or irreparable and an adequate remedy at law exists.

Respectfully submitted, this 16th day of January, 2009.

    /s/ Corey D. McGaha
Richard A. Adams, *admitted pro hac vice*
Texas Bar No. 00786956
Phillip N. Cockrell, *admitted pro hac vice*
Texas Bar No. 04465500
Corey D. McGaha, *admitted pro hac vice*
Texas Bar No. 24057992
**PATTON ROBERTS, PLLC**
2900 St. Michael Drive
400 Century Plaza
P.O. Box 6128
Texarkana, Texas 75505-6128

AND

Alfonso Garcia Chan
Texas Bar No. 24012408
Patrick J. Conroy
Texas Bar No. 24012448
**SHORE CHAN BRAGALONE, LLP**
901 Main Street
Suite 3300
Dallas, Texas 75202

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I certify that a copy of this pleading is being served on all counsel of record for Defendants, through the Court's ECF system, on January 16, 2009.

                                                /s/Corey D. McGaha
                                                Corey D. McGaha