AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 10 2009
CLERK, U.S. DISTRICT COURT
By _____ Deputy

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| GoForIt Entertainment, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:08-cv-02011-D |
| Digimedia.com, LP, et al | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Texas) ORIGINAL |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To: The Internet Archive (Wayback Machine), 116 Sheridan Ave., The Presidio of San Francisco, San Francisco, CA 94129

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Offices of Shore Chan Bragalone LLP<br>901 Main Street, Suite 3300, Dallas TX 75202 | Date and Time:<br>11/17/2009 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically and videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

SEE EXHIBIT A ATTACHED HERETO - Please provide these documents on or before November 10, 2009 at 9:30 a.m. (or at another date and time mutually agreed upon by the Issuing Officer and Witness) to SHORE CHAN BRAGALONE, LLP, 901 Main Street, Suite 3300, Dallas, TX 75202

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 10/27/2009

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* GoForIt Entertainment, LLC, who issues or requests this subpoena, are:
Patrick J. Conroy, Shore Chan Bragalone LLP, 901 Main Street, Suite 3300, Dallas, TX 75202
(214) 593-9110
pconroy@shorechan.com

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| :<br>:<br>:<br>:<br>:<br>:<br>Telephone No: | | | | |
| Attorney for: Plaintiff | | Ref. No. or File No.: | | |
| Insert name of Court, and Judicial District and Branch Court:<br>United States District Court, Northern District Of California | | | | |
| Plaintiff: GOFORIT ENTERTAINMENT, LLC | | | | |
| Defendant: DIGIMEDIA.COM, L.P., ET AL. | | | | |
| PROOF OF SERVICE<br>SUBPOENA TO TESTIFY | Hearing Date:<br>Tue, Nov. 17, 2009 | Time:<br>9:00AM | Dept/Div: | Case Number:<br>3:08-CV-02011-D |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA TO TESTIFY AT A DEPOSITION OR TO PRODUCE DOCUMENTS IN A CIVIL; ACTION

3. a. Party served: THE INTERNET ARCHIVE (WAYBACK MACHINE)/CUSTODIAN OF RECORDS
   b. Person served: CHRIS BUTLER, OFFICE MANAGER, AUTHORIZED TO ACCEPT

4. Address where the party was served: 116 SHERIDAN AVENUE, BLDG. 116
   THE PRESIDIO OF SAN FRANCISCO
   SAN FRANCISCO, CA 94129

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Oct. 29, 2009 (2) at: 2:53PM
   b. I received this subpena for service on: Wednesday, October 28, 2009
6. Witness fees were not demanded or paid.

7. *Person Who Served Papers:*         Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. ANANDA P. BOUGANIM            d. *The Fee for Service was:*
   b. SPECIAL DELIVERY LEGAL DEPARTMENT   e. I am: (3) registered California process server
   5470 L.B.J. FREEWAY                  (i) Employee
   Dallas, TX 75240                     (ii) Registration No.: 2008-000970-01
   c. 800-352-7290                      (iii) County: San Francisco
                                        (iv) Expiration Date: Mon, Feb. 01, 2010

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Wed, Nov. 04, 2009

Judicial Council Form                PROOF OF SERVICE        (ANANDA P. BOUGANIM)
Rule 2.150.(a)&(b) Rev January 1, 2007   SUBPOENA TO TESTIFY                        8663270.56547

# EXHIBIT "A" TO SUBPOENA

## DEFINITIONS

When used in this subpoena the following words and phrases shall have the meanings set forth below:

(1) "You" means The Internet Archive, Wayback Machine, or any of their agents, officers, employees, representatives, and any predecessors, interest, parents, subsidiaries, divisions, controlled, controlling, and affiliated companies and institutions, and their agents, officers, employees, representatives and attorneys.

(2) "Your Services" means any services that You provide under the names The Internet Archive and/or Wayback Machine.

(3) "Defendants" means Defendant Digimedia.com L.P., Defendant Digimedia.com Management, Inc., Defendant Cyberfusion.com L.P., Defendant HappyDays, Inc., Defendant Scott Day, and includes any of their agents, partners, officers, employees, or representatives.

(4) "Plaintiff" means Plaintiff GoForIt Entertainment, LLC and includes any of their agents, partners, officers, employees, or representatives.

(5) "Document" means all documents and things covered by Rule 34 of the Federal Rules of Civil Procedure and shall have the broadest meaning proscribed therein.

(6) "Person" means and includes natural persons, individuals, firms, corporations, partnerships, proprietorships, joint ventures, unincorporated associations, government agencies and all other organizations or entities of any type.

(7) "Contact or communication" means and includes all instances in which information has been transmitted from one person or entity to another, including, but not limited to, telephone conversations, meetings, conferences, correspondence, other mailings, telexes, cables, telecopied transmissions,

facsimiles, electronic mail or e-mail, electronic files, SMS messages, MMS messages, data transferred between any number of servers, or other data transmissions of any type or nature, whether oral, electronic or written.

(8) "Subdomain" means and includes any combination of characters, numbers, letter or symbols that appear to the left of any second level domain, which itself is to the left of any Top Level domain (TLD) or country code domain (CC).

## INSTRUCTIONS

(1) Unless otherwise indicated, this subpoena shall include all documents that have come into existence since 1997.

(2) Documents are to be produced in full and in their unexpurgated form; redacted documents shall not constitute compliance with this subpoena, unless such documents are redacted pursuant to any claim of privilege, as set forth in Instruction 3 below.

(3) If you withhold documents covered by this subpoena by reason of a claim of privilege, a written list is to be furnished identifying each such document for which the privilege is claimed together with the following information: (a) the date of the document; (b) the name of its author, authors, or preparers and an identification by employment and title of each such person; (c) the name of each person who was sent or furnished with the document, together with an identification of each such person ; (d) a brief description of the document; (e) a statement of the basis for the claim of privilege; and (f) the paragraph of this Exhibit A to which the document relates. In the case of privileged documents relating to meeting or to other conversations, all participants in the meeting or conversation are to be identified.

(4) Documents are produced pursuant to this subpoena shall be produced separately for each paragraph of this Exhibit A or, in the alternative, shall be identified as complying with the particular paragraphs of the Exhibit A to which they are responsive.

## DOCUMENTS REQUESTED FROM THE INTERNET ARCHIVE

1. All historical and archive data for Defendants' domain names, including all subdomains for each and every domain name.

2. All historical and archive data for Plaintiff's domain name "GOFORIT.COM", including all subdomains.

## DEPOSITION TOPICS FOR THE INTERNET ARCHIVE

The topics to be covered in the deposition include:

1. The relationship –if any, between You and each of the Defendants.

2. The relationship –if any, between You and the Plaintiff.

3. The relationship –if any, between You and any third party to this lawsuit, including but not necessarily limited to: Yahoo! Inc., Oversee.net, Eric Grant (Reflex Publishing, Inc.), Wishbone Media, Inc. (Daniel Walton), ThePlanet.com Internet Services, Inc., OK Direct Internet Services, Inc. (Patrick Williams), Tucows, Inc., Network Solutions, LLC, GoDaddy.com, Inc., Moniker Online Services, LLC, eNom Inc., DNSstuff, LLC., name intelligence, inc. or Alexa Internet, Inc. (An Amazon Company).

4. The manner in which You generate revenue from Your services.

5. The substance and timing of communications –if any, between You and any of the Defendants relating to Your Services.

3. The monitoring or tracking of Internet users accessing information about any of the Defendants' domain names or websites, including all subdomains associated with each

and every domain name.

6. The monitoring or tracking of Internet users accessing information about the Plaintiff's domain name or website, including all subdomains associated with each and every domain name.

7. The monitoring or tracking of Internet users who have clicked through to the websites of others via Your services, having accessed information associated with any of the Defendants' domain names or websites.

8. The monitoring or tracking of geographic location, IP address, URL and date and time of Internet users that have used Your service inquiring as to any of the Defendants' domain names or websites or any information pertaining to any of the Defendants' domain names or websites.

9. Any contracts or agreements that are between You and any of the Defendants or Plaintiff.

10. The content and substance of documents produced or requested to be produced in response to the document requests included herein.

11. All revenue –if any, realized by You as a result of any relationship with any of the Defendants or Plaintiff.