AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| GoForIt Entertainment, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:08-cv-02011-D |
| Digimedia.com, LP, et al | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Northern District of Texas |

NORTHERN DISTRICT OF TEXAS
FILED
NOV 10 2009
CLERK, U.S. DISTRICT COURT
By _____ Deputy

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

ORIGINAL

To: Oversee.net, 515 S. Flower Street, Suite 4400, Los Angeles, CA 90071

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Offices of Shore Chan Bragalone LLP<br>901 Main Street, Suite 3300, Dallas TX 75202 | Date and Time:<br>11/17/2009 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically and videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

SEE EXHIBIT A ATTACHED HERETO - Please provide these documents on or before November 10, 2009 at 9:30 a.m. (or at another date and time mutually agreed upon by the Issuing Offficer and Witness) to SHORE CHAN BRAGALONE, LLP, 901 Main Street, Suite 3300, Dallas, TX 75202

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 10/27/2009

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
GoForIt Entertainment, LLC _____, who issues or requests this subpoena, are:
Patrick J. Conroy, Shore Chan Bragalone LLP, 901 Main Street, Suite 3300, Dallas, TX 75202
(214) 593-9110
pconroy@shorechan.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:08-CV-02011-D

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*    OVERSEE.NET

was received by me on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:    Susan Chang, Custodian of Records

            3:40 p.m.    on *(date)*    10/29/2009    ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:    10/30/2009

*Server's signature*

K.W. Lazarus REG LA # 2588
*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of __Los Angelos__

On __10/30/2009__ before me, __Boverly Lazarus__,
Date                                         Here Insert Name and Title of the Officer

personally appeared __K. W. Lazarus__
Name(s) of Signer(s)

_____,

[Notary Seal: BEVERLY LAZARUS, Commission # 1864677, Notary Public - California, Los Angeles County, My Comm. Expires Sep 12, 2013]

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____
Signature of Notary Public

Place Notary Seal and/or Stamp Above

———————————— OPTIONAL ————————————

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Description of Attached Document**
Title or Type of Document: __Proof of Service__
Document Date: __10/30/2009__        Number of Pages: __1__
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: __K. W. Lazarus__
☐ Corporate Officer — Title(s): _____
☑ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 2008 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org    Item #5907    Reorder: Call Toll-Free 1-800-876-6827

## EXHIBIT "A" TO SUBPOENA

### DEFINITIONS

When used in this subpoena the following words and phrases shall have the meanings set forth below:

(1) "You" means Oversee.net, including Oversee.net, DomainSponsor®, SnapNames®, Moniker®, and/or LowFares.com™, or any of their agents, officers, employees, representatives, board of directors, and any predecessors, interest, parents, subsidiaries, divisions, controlled, controlling, and affiliated companies and institutions, and their agents, officers, employees, representatives and attorneys.

(2) "Your Services" means any products or services that You provide under the names Oversee.net, Overture, DomainSponsor®, SnapNames®, Moniker®, and/or LowFares.com™, or any other entity, predecessors, parents, subsidiaries, divisions, controlled, controlling, and affiliated companies and institutions.

(3) "Defendants" means Defendant Digimedia.com L.P., Defendant Digimedia.com Management, Inc., Defendant Cyberfusion.com L.P., Defendant HappyDays, Inc., Defendant Scott Day, and includes any of their agents, officers, employees, or representatives.

(4) "Document" means all documents and things covered by Rule 34 of the Federal Rules of Civil Procedure and shall have the broadest meaning proscribed therein.

(5) "Person" means and includes natural persons, individuals, firms, corporations, partnerships, proprietorships, joint ventures, unincorporated associations, government agencies and all other organizations or entities of any type.

(6) "Contact or communication" means and includes all instances in which

information has been transmitted from one person or entity to another, including, but not limited to, telephone conversations, meetings, conferences, correspondence, other mailings, telexes, cables, telecopied transmissions, facsimiles, electronic mail or e-mail, electronic files, SMS messages, MMS messages, data transferred between any number of servers, or other data transmissions of any type or nature, whether oral, electronic or written.

(7) "Subdomain" means and includes any combination of characters, numbers, letter or symbols that appear to the left of any second level domain, which itself is to the left of any Top Level domain (TLD) or country code domain (CC).

## INSTRUCTIONS

(1) Unless otherwise indicated, this subpoena shall include all documents that have come into existence since 1997.

(2) Documents are to be produced in full and in their unexpurgated form; redacted documents shall not constitute compliance with this subpoena, unless such documents are redacted pursuant to any claim of privilege, as set forth in Instruction 3 below.

(3) If you withhold documents covered by this subpoena by reason of a claim of privilege, a written list is to be furnished identifying each such document for which the privilege is claimed together with the following information: (a) the date of the document; (b) the name of its author, authors, or preparers and an identification by employment and title of each such person; (c) the name of each person who was sent or furnished with the document, together with an identification of each such person ; (d) a brief description of the document; (e) a

statement of the basis for the claim of privilege; and (f) the paragraph of this Exhibit A to which the document relates. In the case of privileged documents relating to meeting or to other conversations, all participants in the meeting or conversation are to be identified.

(4) Documents are produced pursuant to this subpoena shall be produced separately for each paragraph of this Exhibit A or, in the alternative, shall be identified as complying with the particular paragraphs of the Exhibit A to which they are responsive.

(5) Finally, the information sought through this Subpoena should not be construed to seek personal information from Internet users and/or other persons or entities that is protected by federal, state, or other applicable legal authorities. To the extent certain topics are interpreted to include such information, then it is presumed that the responding party shall take steps to protect that information (e.g., through redaction of the information).

## DOCUMENTS REQUESTED FROM OVERSEE.NET

1. Documents identifying all contracts or agreements between You and any of the Defendants, including but not limited to any documents identifying or describing service agreements, affiliate/partner agreements, "terms and conditions" policies, webmaster/site owner guidelines, etc., in effect for Oversee.net, DomainSponsor®, SnapNames®, Moniker®, and/or LowFares.com™.

2. Documents identifying or describing Your Services provided to any of the Defendants, including but not limited to all information pertaining to Defendant's account registration, activation, account maintenance, account management and

    Ad setup and placement directives for all websites and domain names.

3. Documents showing any money that any of the Defendants earned or generated through use of Your Services.

4. Documents evidencing or consisting of any checks or other financial remuneration that You sent to any of the Defendants in connection with Your Services.

5. Documents identifying the way in which any of the Defendants have earned or generated money though Your Services.

6. Documents identifying the amount of money any of the Defendants have earned or generated money through Your Services.

7. Documents identifying the amount of money any of the Defendants have earned or generated on per-month and per-domain-name basis in connection with Your Services.

8. Documents showing any money that You earned or generated through any of the Defendant's use of Your Services.

9. Documents evidencing or consisting of any checks or other financial remuneration that any of the Defendants sent You in connection with Your Services.

10. Documents identifying the way in which You have earned or generated money though any of the Defendant's use of Your Services.

11. Documents identifying the amount of money You have earned or generated through any of the Defendant's use of Your Services.

12. Documents identifying the amount of money You and all of the Defendants have

earned or generated on per-month and per-domain-name basis in connection with Your Services.

13. Documents identifying all click-through traffic delivered and attempted to be delivered to Your advertisers in connection with the Defendant's use of Your Services. All information should be on a per-month and per-domain-name basis, including Your domain name(s), Your advertiser's domain name(s) and all of the Defendant's domain names.

14. Documents evidencing or consisting of any contact, communication, complaint (e.g., advertising fraud, click fraud, syndication fraud, adware, spyware, etc.), chargeback or refund request from any of Your advertisers (or any other third party) pertaining to any of the Defendant's domain names or websites or regarding the Defendant's use of Your Services.

15. All documents sent to or received from any of the Defendants in connection with Your Services.

16. Documents identifying all communications generated by or referencing any of the Defendants (including their websites and domain names), including but not limited to posts to any DomainSponsor®, SnapNames®, Moniker®, and/or LowFares.com™ bulletin board or weblog (Blog).

17. For each month in which any of the Defendants have utilized Your Services, documents identifying the number of Internet users that have accessed each of the domain names and websites for which any of the Defendants have utilized Your Services.

18. For each domain name or website for which any of the Defendants have utilized

Your Services, documents identifying the number of Internet users visiting such websites that have clicked through to any of Your websites, to Your Advertiser's websites or to the websites of others.

19. Documents identifying the geographic location, IP address, URL, date and time of Internet users accessing the website(s) operated in connection with Your Services and with any domain names registered to any of the Defendants.

20. For each month in which any of the Defendants have utilized Your Services, documents identifying the websites (by advertiser and URL path) Internet users who were directed from Defendant's websites to Your advertiser's website(s) via Your Services.

21. All documents and communications related to agreements and contracts with the Defendants (including any and all amendments and supplements thereto).

22. All documents and communications related to agreements and contracts between You and Your advertisers (including any and all amendments and supplements thereto) in connection with the Defendant's domain names and websites.

23. All documents and communications related to payments made to the Defendants, including, but not limited to, invoices, reports, and/or analysis related to payments and/or contractual entitlement to payments concerning the Defendants.

24. All documents and communications related to technical, server, database, website, URL, domain names (including all species of domain names, including, but not limited to sub domain names), Domain Name System (DNS), Wildcard DNS, and/or any other technical specification or issue arising between You and the Defendants, including, but not limited to, any changes or modifications made to

any affiliate/partner account, domain name, DNS record or website owned or operated by either You or any of the Defendants.

25. All documents and communications related to strategies for generating revenue in connection with the Defendants.

26. All documents and communications related to reports and/or analysis evidencing, justifying, or substantiating that a payment should be made to the Defendants, including, but not limited to, screen shots, records, and/or evidence of search terms inputted by Internet users resulting in a payment to the Defendants.

## DEPOSITION TOPICS FOR OVERSEE.NET

The topics to be covered in the deposition include:

1. The relationship between You and each of the Defendants.

2. The manner in which Defendants generate revenue in connection with Your Services.

3. The relationship between You and Your Advertisers.

4. The manner in which You generate revenue in connection with any of the Defendant's use of Your Services.

5. The substance and timing of communications between You and any of the Defendants relating to Your Services.

6. The monitoring or tracking of Internet users accessing any of the Defendants' domain names or websites.

7. The monitoring or tracking of Internet users who have clicked through to the websites of others (e.g., Your advertisers) via Your services associated with any of the Defendants' domain names or websites.

8. The monitoring or tracking of the geographic location, IP address, URL and date and time of Internet users that have clicked through to Your services from any of the Defendants' websites.

9. Any contracts or agreements that are between You and any of the Defendants and that relate to Your Services.

10. Any contracts or agreements that are between You and Your advertisers (including any and all amendments and supplements thereto) in connection with the Defendants' domain names and websites.

11. The amount of money Defendants have generated through utilization of Your Services.

12. The amount of money You have generated through any of the Defendant's utilization of Your Services.

13. The amount of money Your advertisers have paid You as a result of any of the Defendant's utilization of Your Services.

14. The content and substance of documents produced or requested to be produced in response to the document requests included herein.

15. Any action or communication (by You) pertaining to the Defendants after You became aware of the litigation between GoForIt Entertainment, LLC v. Digimedia.com, L.P., et al, Case No. 6:06-cv-00816-JA-KRS.

16. All revenue realized by You as a result of any relationship with any of the Defendants.