UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GOFORIT ENTERTAINMENT LLC )
)
)
)
Plaintiff, )
) CIVIL ACTION NO.
v )
) 6:06cv816-ORL-28 KRS
DIGIMEDIA.COM L.P., CYBERFUSION.COM L.P., )
HAPPYDAYS, INC., REFLEX PUBLISHING, INC., )
ERIC GRANT, SCOTT DAY )
)
Defendants. )
)

FILED 2006 JUN 15 PM 1: 46

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, GoForIt Entertainment LLC ("GoForIt or GoForIt.com") files this Complaint against Defendants, DigiMedia.com L.P., CyberFusion.com L.P., HappyDays, Inc., Scott Day and Eric Grant ("Defendants") and in support thereof shows as follows:

### NATURE AND BASIS OF ACTION

1. This is an action for cyberpiracy in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and unfair competition under the common law of Florida; all arising out of Defendants' inclusion of GoForIt's Federally registered trademark <GOFORIT> in numerous domain names on the Internet. GoForIt seeks injunctive relief, damages, statutory damages, punitive damages, and recovery of its costs and reasonable attorneys' fees.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff GoForIt is a Nevada limited liability company with its principal place of business in Cocoa Beach, Florida.

APP 206

2. Upon information Defendant DigiMedia.com, L.P., ("DigiMedia") is a Texas limited partnership with, upon information and belief, its principal place of business at 4245 Kemp Blvd., Suite 818, Wichita Falls, Texas, 76308. Upon information and belief, DigiMedia is in the business of creating, implementing and maintaining web sites under numerous domain names, including the domain names <tampa-bay.com>, <miamibeach.net>, <panama-city.com>, and <orlandochannel.com> which directly target residents in this judicial district and elsewhere. DigiMedia is therefore subject to the jurisdiction and venue of this Court.

3. Defendant CyberFusion.com, L.P., ("CyberFusion") is a Texas limited partnership with, upon information and belief its principal place of business at 4245 Kemp Blvd., Suite 818, Wichita Falls, Texas, 76308. Upon information and belief, CyberFusion is the alter-ego of Defendant DigiMedia – CyberFusion is located at the same address as DigiMedia, is the transferee of several domain names previously registered to DigiMedia, is the registrant of domain names that use the same web hosting company and name servers as DigiMedia, and has a limited partner who is also a limited partner in DigiMedia and its general partner is the general partner of DigiMedia.

4. Defendant Reflex Publishing, Inc. ("Reflex Publishing") is a Florida for-profit Corporation whose principal place of business is located in Brandon, Florida.

5. Upon information and belief, Defendant Scott Day ("Day") is an individual resident of Texas, who, upon information and belief, is a limited partner in Defendants DigiMedia and CyberFusion and is the moving, active and conscious force behind their unlawful activities complained of here. Day, therefore, is subject to the jurisdiction and venue of this Court.

6. Upon information and belief, Defendant Eric D. Grant ("Grant") is an individual

2

who resides in or near Tampa, Florida, and who, upon information and belief, is a limited partner in Defendant DigiMedia and the owner of Defendant Reflex Publishing. Upon information and belief, Defendant Grant is the moving, conscious and dominant force behind the unlawful activities of Defendant Reflex Publishing complained of herein and is therefore subject to the jurisdiction and venue of this Court.

7. Upon information and belief, Defendant HappyDays, Inc. ("HappyDays") is a business entity of unknown structure and location, with, on information and belief, its principal place of business in Terral, OK, 73569. Upon information HappyDays is a d/b/a of Defendant Day, as there is no listing of its existence with any state agency, and Day is listed as both the administrative and technical contacts for all of the domain names registered by HappyDays. In addition, the address used in the registration of the HappyDays domain names is the same address as numerous other former ventures by Day, including DigiMedia.

8. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1337 and 1338 because this case arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq*.

9. This Court has jurisdiction over GoForIt's state law claim pursuant to 28 U.S.C. § 1367 and the doctrine of supplemental jurisdiction.

10. This Court has personal jurisdiction over Defendants under F.S. 48.193(1)(b) and the Due Process Clause of the United States Constitution.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as several of the Defendants reside in this district and a substantial part of the acts complained of herein occurred in this district.

## FACTUAL BACKGROUND

### GoForIt and its Distinctive GOFORIT Mark

12. Plaintiff GoForIt is in the business of operating an Internet directory and web site guide at the website <goforit.com> and additionally provides consulting services in the field of web site creation, design and implementation.

13. GoForIt's directory website operated at goforit.com is designed to make Internet searches quicker and easier. Through goforit.com, Internet users can query multiple topic-specific web sites from a single location.

14. The goforit.com web site prominently features the GOFORIT Mark above the numerous search categories listed on the site, including (but not limited to) the categories "recipes," "business" "computers," and "games."

15. Since at least as early as 1995, long prior to the acts of the Defendants complained of herein, GoForIt has used the service mark GOFORIT (the "GOFORIT Mark") and has continuously and exclusively used the GOFORIT Mark since that time in interstate commerce in connection with its consulting and Internet directory services.

16. By virtue of GoForIt's long-standing, continuous and exclusive use of the GOFORIT Mark in interstate commerce in connection with GoForIt's services, GoForIt owns valid and enforceable service mark rights in the GOFORIT Mark in connection with those services.

17. GoForIt is also the owner of all right, title and interest in U.S. Trademark Registration No. 2,408,165, duly and legally issued by the United States Patent and Trademark Office on November 28, 2000, for the GOFORIT Mark in connection with "Computer information services, namely, providing an index guide and directory database over the global

4

computer information network in the nature of links to websites of others; consulting services in the field of creating, maintaining, designing and implementing web sites for others."

18.     GoForIt's Federal registration is valid and subsisting in law, was duly and legally issued, is *prima facie* evidence of the validity of the GOFORIT Mark, and constitutes constructive notice of the ownership of this mark by GoForIt in accordance with Sections 7(b) and 22 of the Trademark Act of 1946, 15 US.C. §§ 1057(b) and 1072.

### The Internet and Domain Names

19.     The Internet is an international network of inter-connected computers used by millions of individuals, companies, organizations and educational institutions worldwide to conduct commerce and exchange information and ideas. Upon information and belief, over the past several years, the Internet has become an indispensable tool for businesses to promote, market and/or sell their products and services and for individuals to locate news, entertainment and information.

20.     A well known means of communication on the Internet is the "World Wide Web" where users search for and retrieve information stored on remote computers.

21.     To operate an Internet Web site, the operator typically registers a domain name, which serves as the identifiable locator (web address) under which a specific web site can be found. Every domain name consists of at least two components: a top-level domain, and a second-level domain. In the domain name "widget.com," for instance, the ".com" is the top-level domain, and "widget" is the second-level domain.

22.     Domain names can also be constructed with "subdomains" which always appear to the left of the second-level domain. In the domain name "machine.widget.com," for example, "machine" is the "child" or subdomain of the parent "widget.com" domain name.

23. Upon information and belief, the most common top-level domain names include ".com," ".org," ".gov." and ".net."

24. Upon information and belief, the domain names of many businesses consist of their trade name or trademark (e.g. GOFORIT) as the second level domain plus a top level domain (e.g. GOFORIT.COM).

25. Upon information and belief, it has become increasingly popular for companies to use their trademarks as subdomains. For example, the Walt Disney Corporation operates a web site at "Disney.Go.com" where the trademark "Go" is the second-level domain and the trademark "Disney" is the subdomain.

**Defendants and Their Unlawful Use of the GOFORIT Mark**

26. As of May 2006, the registration records of Tucows, Inc. identify Defendant CyberFusion as the registrant of a number of domain names whose second level domain is identical to the top level domains "com" "org" and "gov", including "org.com," "com.org," "gov.org" and "org.net" (the "TLD Domain Names"). In the case of the domain name "com.org," for instance, ".org" is the top level domain and "com" – which is traditionally a top level domain – is the second level domain.

27. Upon information and belief, the TLD Domain Names were previously owned by Defendant DigiMedia but were subsequently transferred to Defendant CyberFusion.

28. Each of the TLD Domain Names resolves to a directory style web site, operated by CyberFusion, which contain a number of categories to be searched, similar to the format of GoForIt's goforit.com web site. Attached hereto as Exhibit "D" are copies of screen shots showing the web pages for "org.com," "com.org," "gov.org" and "org.net."

29. As of May 2006, the registration records of Tucows, Inc. show Defendant

6

DigiMedia as the registrant of hundreds of domain names, including but not limited to the domain names "recipes.com," "business.org," "computergames.com" and the other domain names set forth in Exhibit "A" (the "DigiMedia Domain Names").

30. Each of the DigiMedia Domain Names resolves to directory style web sites that contain a number of categories related to the subject matter of the domain name used for the web site. All of the external hyperlinks within all of these websites direct the Defendant's web site visitors to the web sites of others.

31. By way of example, DigiMedia operates a web site under the domain name "webdesign.com" on which the categories "Website Design," "More Web Site Traffic," "Register Domain," "Web Site Hosting," "Custom Programming," "Web Site Promotion" and "Create Your Own Website," all appear. A copy of the home page of DigiMedia's "webdesign.com" web site is attached hereto as Exhibit "E."

32. In the case of the domain name "webdesign.com," the ".com" is the top level domain and "webdesign" is the second level domain.

33. As of May, 2006, the registration records of Tucows, Inc. show Defendant HappyDays, Inc. as the registrant of numerous domain names, including but not limited to the domain names set forth in Exhibit "B" ("the HappyDays Domain Names").

34. Each of the HappyDays Domain Names resolves to directory style web sites that contain a number of categories related to the subject matter of the domain name used for the web site. All of the external hyperlinks within all of these websites direct the Defendant's web site visitors to the web sites of others.

35. By way of example, HappyDays operates a web site under the domain name "grandcayman.com" on which the categories "Grand Cayman," "Grand Cayman Hotels," "Grand

7

Cayman Vacations," "Offshore Banking," "Caribbean Cruise," "Island Vacation" and "Diving Caribbean," all appear. A copy of the home page of HappyDays' "grandcayman.com" web site is attached hereto as Exhibit "F."

36. In the case of the domain name "grandcayman.com," the ".com" is the top level domain and "grandcayman" is the second level domain.

37. Defendant Day is listed as the administrative and technical contacts for the TLD Domains as well as the domain names registered to DigiMedia and HappyDays.

38. As of May 2006, domain name registration records show Defendant Reflex Publishing as the registrant of hundreds of domain names, including but not limited to the domain names set forth in Exhibit "C" ("Reflex Publishing Domain Names").

39. Each of the Reflex Publishing Domain Names resolves to directory style web sites that contain a number of categories related to the subject matter of the domain name used for the web site. All of the external hyperlinks within all of these websites direct the Defendant's web site visitors to the web sites of others.

40. By way of example, Reflex Publishing operates a web site under the domain name "internetproviders.com" on which the categories "Internet Providers," "High Speed Internet Providers," "Wireless Internet Providers," "DSL Internet Providers," "Voice Over IP," "Discount Internet Providers" and "Dedicated Hosting" all appear. A copy of the home page of Reflex Publishing's "internetproviders.com" web site is attached hereto as Exhibit "G."

41. In the case of the domain name "internetproviders.com," the ".com" is the top level domain and "internetproviders" is the second level domain.

42. The TLD Domain Names and the domain names registered to Defendants DigiMedia, HappyDays and Reflex Publishing will hereinafter collectively be referred to as the

8

"Accused Domain Names."

43.     Upon information and belief, many of the Accused Domain Names use as the second level domain the same categories listed on the goforit.com web site. For example, one of the Accused Domains is "recipes.com." "Recipes" appears as one of the indexed categories on the goforit.com web site.

44.     Upon information and belief, Defendants generate revenue when visitors to the web sites operated in connection with the Accused Domain Names "click through" to the web sites of others from the Defendants' web sites. Known as "pay per click" advertising, Defendants receive a fee each time a visitor of Defendants' web site accesses the site of a business that is listed on the Defendants' web site. Thus, the more traffic the Defendants receive to their web sites the greater is their potential for revenue.

45.     Without authorization from GoForIt, Defendants are using GoForIt's Federally registered GOFORIT Mark in connection with the Accused Domain Names.

46.     Specifically, the Defendants have incorporated the GOFORIT Mark as a subdomain in connection with the Accused Domain Names. Attached hereto as Exhibit "H" are copies of screen shots showing GOFORIT.COM.ORG in the address bar of the web page for "com.org", and other uses of the GOFORIT Mark as a subdomain of other domain names owned by Defendants. By way of further example, attached hereto as Exhibit "I" are copies of screen shots showing GOFORIT.WEBDESIGN.COM in the address bar of the web page for "webdesign.com". Also find attached hereto as Exhibit "J" copies of screen shots showing GOFORIT.GRANDCAYMAN.COM in the address bar of the web page for grandcayman.com. In addition, attached hereto as Exhibit "K" are copies of screen shots showing GOFORIT.INTERNETPROVIDERS.COM in the address bar of the web page for

internetproviders.com.

47. When a person accesses one of Defendants' web sites through the use of the GOFORIT Mark as a subdomain, the GOFORIT Mark appears in the address bar which appears directly above and otherwise identifies the Defendants' web site and thereafter remains in the address bar even after a person clicks on one of the categories listed on the site. As an example, see Exhibit "L" attached hereto showing the GOFORIT Mark remaining in the address bar after following the "custom programming" category link on webdesign.com.

48. Upon information and belief, Defendant CyberFusion has further engaged in web page framing and/or other web site or server manipulation techniques, such that when a person is directed to CyberFusion's web site when the GOFORIT Mark is used as a subdomain, the GOFORIT Mark remains in the address bar no matter what web site that person links to through CyberFusion's web site. See Exhibit "M" attached hereto showing GOFORIT.COM.ORG in the address bar after clicking on an advertising link for Circuit City.

49. Upon information and belief, Scott Day is the moving, active and conscious force behind the unlawful activities of DigiMedia, HappyDays, and CyberFusion as set forth herein and has *de facto* control over the registration of the DigiMedia Domain Names, the CyberFusion Domain Names and the HappyDays Domain Names.

50. Upon information and belief, Eric Grant is the moving, active and conscious force behind the unlawful activities of Reflex Publishing as set forth herein and has *de facto* control over the registration of the registration of the Reflex Publishing Domain Names.

51. Upon information and belief, Defendants are intentionally using the subdomain GOFORIT for the sole purpose of causing consumer confusion and redirecting traffic intended for GoForIt's web site to Defendants' web sites (e.g. goforit.com.org) in order to generate

10

additional revenue.

52. Upon information and belief, Defendants are using the GOFORIT Mark as a subdomain with full knowledge that they have no legal right to use the name.

## COUNT I

### Cyberpiracy

53. GoForIt realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 52 as if fully set forth herein.

54. By using the GOFORIT Mark as a subdomain in the Accused Domain Names, Defendants have registered, trafficked in or used a domain name that is confusingly similar to the Federally registered GOFORIT Mark, and, upon information and belief, Defendants have done so with the bad faith intent to profit unlawfully from the GOFORIT Mark.

55. The aforesaid actions constitute cyberpiracy in violation of Section 43(d) of the Trademark Act of 1946, 15 U.S.C. § 1125(d).

56. The unauthorized use of the GOFORIT Mark as a subdomain of the Accused Domain Names has caused, and unless and until enjoined will continue to cause irreparable injury to GoForIt and the goodwill associated with its GOFORIT Mark. An award of monetary damages alone cannot fully compensate GoForIt for its injuries and therefore GoForIt lacks an adequate remedy at law.

57. The foregoing acts have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT II

### Federal Service Mark Infringement

58. GoForIt realleges and incorporates herein by reference the allegations contained

11

in paragraphs 1 through 57 of the Complaint.

59.  Defendants' use of the GOFORIT Mark as a subdomain in connection with the operation of directory style web sites is likely to cause consumer confusion, mistake or deception as to the source or origin of Defendants' services. Defendants unauthorized use of the GOFORIT Mark, therefore, infringes GoForIt's exclusive rights in its Federally registered service marks in violation of the § 32(a) of the Trademark Act of 1946. 15 U.S.C. § 1114(1).

60.  Defendants' unauthorized use of the GOFORIT Mark will enable Defendants to earn profits to which they are not in equity or good conscience entitled and has unjustly enriched Defendants, all to Defendants' profit and GoForIt's damage.

61.  Defendants' aforesaid conduct has caused, and unless enjoined, will continue to cause irreparable injury to GoForIt and to the goodwill associated with the GOFORIT Mark.

## COUNT III

Use of False Designations of Origin, False Descriptions and False Representations

62.  GoForIt realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 61 of the Complaint.

63.  The GOFORIT Mark serves to identify the services offered by GoForIt. Accordingly, services offered in connection with the GOFORIT Mark are regarded by the public as being sponsored by, approved by, authorized by, associated with, or affiliated with GoForIt.

64.  Defendants have used the GOFORIT Mark as a subdomain in connection with web sites offering services that are similar if not identical to the services offered by GOFORIT so as to cause confusion or mistake among the public as to the true origin, source, sponsorship, approval, authorization, association or affiliation of Defendants services, all to Defendants' profit and GoForIt's damage.

APP 217

65. The aforesaid use of the GOFORIT Mark as a subdomain by Defendants constitutes use of false designations or origin, false descriptions and false representations in interstate commerce in violation of § 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a), for which GoForIt will continue to be irreparably injured unless and until Defendants' conduct is enjoined by this Court.

66. The foregoing acts of trademark infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT IV

### Florida Deceptive and Unfair Trade Practice Act

67. GoForIt realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 66 of the Complaint.

68. Defendants' acts set forth above constitute unfair competition in violation of F.S. 501.204.

69. By reason of Defendants' acts set forth above, GoForIt has been severely injured in its business and property. The injury to GoForIt is immediate and irreparable and will continue unless and until Defendants' infringing conduct is enjoined.

## COUNT V

### Common Law Trademark Infringement

70. GoForIt realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 69 of the Complaint.

71. GoForIt, by virtue of its prior adoption and use in interstate commerce of the GOFORIT Mark, in this judicial district and elsewhere, has acquired, established and owns

13

APP 218

valuable common law rights in the GOFORIT Mark.

72. Use by Defendants of the GOFORIT Mark as a subdomain in the Accused Domain Names constitutes copying and imitation by Defendants of GOFORIT Mark, falsely designates the origin of Defendants' services, is likely to cause confusion, mistake or deception and therefore, infringes GoForIt's common law rights in the GOFORIT Mark, in violation of the common law of Florida.

73. Defendants' actions complained of herein, unless enjoined by this Court, will result in the likelihood of confusion, mistake and deception by the public concerning the source or origin of services offered by Defendants, and produce attendant irreparable injury and damage to GoForIt and its business reputation.

## COUNT VI

### Common Law Unfair Competition

74. GoForIt realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 73 of the Complaint.

75. By virtue of its prior use in interstate commerce throughout the country of the distinctive GOFORIT Mark, the GOFORIT Mark has come to be associated exclusively with GoForIt and its Federally registered, distinctive GOFORIT Mark.

76. Defendants' unauthorized use in interstate commerce of the GOFORIT Mark as a subdomain in connection with a web site offering directory services that directly compete with the services of GoForIt, especially when coupled with the illicit use of web page framing or web site and/or server manipulation techniques to ensure that the GOFORIT Mark continues to appear in the domain name portion of the URL path regardless of what links a user connects to, is likely to cause consumer confusion as to the source or sponsorship of Defendants' services.

14

77. Upon information and belief, Defendants are using the GOFORIT Mark with the intent of trading unlawfully upon the goodwill GoForIt has established in that mark in the manner identified herein. Defendants' actions, therefore, constitute unfair competition with GoForIt at common law, and Defendants' actions have irreparably injured and will continue to irreparably injure GoForIt unless and until such conduct is enjoined temporarily, preliminarily and thereafter permanently by this Court.

## COUNT VII

Punitive Damages

78. GoForIt realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 77 of the Complaint.

79. Defendants have adopted the GOFORIT Mark as a subdomain for the sole purpose of benefiting from consumer traffic intended for GoForIt's web site and have engaged in web page framing or other web site and/or server manipulation techniques in order to enhance the likelihood of consumer confusion with the GOFORIT Mark with full and actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result.

80. Despite this knowledge, Defendants' intentionally pursued the foregoing course of conduct in wanton disregard of the resulting injury to GoForIt.

81. As a result of Defendants' intentional and unlawful activities as set forth above, GoForIt is entitled to an award of punitive damages on GoForIt's claims for common law unfair competition and common law trademark infringement.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of the unlawful conduct of Defendants as alleged in Counts I

15

APP 220

through VII of this Complaint, GoForIt respectfully prays that:

1. The Court enter judgment that the GOFORIT Mark is valid and enforceable; and that Defendants, as a result of their use of the GOFORIT Mark as a subdomain of the Accused Domain Names: has engaged in acts of cyberpiracy in violation of 15 U.S.C. § 1125(a); has infringed the GOFORIT Mark in violation of 15 U.S.C. § 1114(1); has used false designations of origin, false descriptions and false representations in violation of 15 U.S.C. § 1125(a); has engaged in deceptive trade practices in violation of F.S. 501.204; has infringed GoForIt's rights in the GOFORIT Mark in violation of the common law of Florida; has engaged in unfair competition with GoForIt in violation of the common law; and has otherwise injured GoForIt by using the GOFORIT Mark in the manner complained of herein.

2. The Court issue an injunction enjoining Defendants and each of their related companies, agents, employees, attorneys, and/or representatives, and all those persons in active concert or participation with them, from:

   a. using the GOFORIT Mark, or any confusingly similar term, mark or name, as part of any domain name, whether as a subdomain or otherwise, service mark, trademark or trade name;

   b. using any mark that consists in whole or in part of the GOFORIT Mark, or any variation thereof, as a designation of origin, service mark, trademark, trade name, or domain name, in any form, or in any manner in connection with the operation of an Internet web site.

   c. Passing off or inducing or enabling others to sell or pass off any goods, services, or web sites that are not authorized by GoForIt as goods, services

16

or web sites that are sponsored, endorsed by, associated or affiliated with GoForIt;

    d. Otherwise infringing the GOFORIT Mark, otherwise unfairly competing with, injuring the business reputation of, or damaging the goodwill of GoForIt in any manner, otherwise falsely representing themselves as being connected with, sponsored by, or associated with GoForIt, or otherwise engaging in deceptive trademark practices or unfair competition which in any way injures GoForIt.

3. Defendants be required to account for and pay to GoForIt all profits Defendants' have earned and all damages GoForIt has suffered as a result of Defendants' unlawful acts and that such amounts be trebled as provided by law under 15 U.S.C. § 1117.

4. Defendants be required to pay GoForIt statutory damages pursuant to section 35(d) of the Trademark Act of 1946, 15 U.S.C. § 1117(d), in the amount of $100,000 per Accused Domain Name.

5. Defendants be required to pay GoForIt punitive damages for common law trademark infringement and unfair competition in light of the willful and predatory nature of their actions.

6. Defendants be required to pay GoForIt the costs of this action and the reasonable attorneys' fees GoForIt has incurred in connection with this action pursuant to 15 U.S.C. § 1117(a) in light of the exceptional nature of this action.

7. GoForIt be granted such other, different, and additional relief as the Court deems just and proper.

17

Respectfully submitted this 15th day of June, 2006

/s/ Doug Bridges
ROBIN L. MCGRATH, ESQ.
Georgia Bar No.: 493115
robin.mcgrath@alston.com
DOUGLAS L. BRIDGES, ESQ.
Georgia Bar No.: 080889
doug.bridges@alston.com
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000 Telephone
(404) 881-7777 Facsimile
Lead Trial Counsel for Plaintiff,
GoForIt Entertainment LLC

18

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GoForIt Entertainment LLC

**DEFENDANTS**
Digimedia.com L.P., Cyberfusion.com L.P., HappyDays, Inc., Reflex Publishing, Inc., Eric Grant and Scott Day

(b) County of Residence of First Listed Plaintiff: **Brevard**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robin L. McGrath, Alston & Bird LLC, One Atlanic Center, 1201 West Peachtree Street, Atlanta, Georgia 30309-3424; (404) 881-7000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1114
Brief description of cause:
Cyberpiracy and Trademark Infringment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 6-14-06
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

APP 224