IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GOFORIT ENTERTAINMENT, LLC, | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| VS. | ) | **Case No. 3:08-cv-02011-D** |
| | ) | |
| DIGIMEDIA.COM L.P., | ) | |
| CYBERFUSION.COM L.P., | ) | **JURY TRIAL DEMANDED** |
| HAPPY DAYS, INC., | ) | |
| DIGIMEDIA.COM MANAGEMENT, | ) | |
| INC., and SCOTT DAY | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

## PLAINTIFF GOFORIT'S ANSWERS AND OBJECTIONS TO DEFENDANT HAPPYDAYS, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, Plaintiff GoForIt Entertainment, LLC ("Plaintiff" or "GoForIt") serves its answers and objections to Defendant HappyDays, Inc.'s ("Defendant" or "HappyDays") First Set of Interrogatories ("Interrogatories").

### RESERVATION OF RIGHTS

In responding to Defendant's Interrogatories, GoForIt states it is currently conducting a diligent search, reasonable in scope, of those files and records in its possession, custody or control believed to be the most likely to contain documents and information responsive to the interrogatories herein and have solicited information from those individuals employed by GoForIt who are likely to have knowledge of such matters. In the event that information or documents responsive to any of HappyDays Interrogatories are later identified or brought to GoForIt's attention, GoForIt reserves the

APP 225

right to amend and supplement the following responses to the extent required by Fed. R. Civ. P. 26(e).

GoForIt's responses to HappyDays' First Interrogatories shall not constitute an admission by GoForIt that any of the requests or the responses thereto, or the documents produced in connection therewith, are admissible as evidence in any trial or other proceeding. GoForIt specifically reserves the right to object on any grounds, at any time, to the admission of any requests or any response or document produced in connection therewith in any such trial or other proceeding.

## GENERAL OBJECTIONS

1. GoForIt objects to Happy Days' First Interrogatories in their entirety to the extent they call for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege and/or immunity, or call for a response that would require disclosure of the mental impressions, conclusions or legal theories of their attorneys and other representatives concerning this litigation. GoForIt will only provide a log of such privileged material up until November 10, 2008, the date the above-captioned cases were filed.

2. GoForIt objects to HappyDays' First Interrogatories to the extent any request, whether standing alone or taken in conjunction with any other request, is vague or overbroad or is calculated to annoy, embarrass, oppress, unduly burden, or unduly cause expense to GoForIt, or is unduly vexatious or unduly burdensome.

3. GoForIt objects to HappyDays' Interrogatories to the extent that any request requires GoForIt to respond by acquiring or supplying information that would not be relevant to any claim or defense of any party or is not reasonably calculated to lead to

the discovery of admissible evidence relating to any such claim or defense.

4.      GoForIt objects to any directions, definitions or instructions contained in HappyDays' Interrogatories that seek to impose upon GoForIt obligations in excess of or different from those required by the Federal Rules of Civil Procedure and or the Local Rules of this Court.

5.      GoForIt objects to Day's Interrogatories to the extent that such requests are not reasonably limited in time and scope on the grounds that such request seek information not relevant to any claim or defense of any party or not reasonably calculated to lead to the discovery of admissible evidence with respect to any claim or defense of any party.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY 1:**      Describe the corporate structure of Plaintiff, including but not limited to the identity of each parent, subsidiary, and affiliated organization of the Plaintiff, all predecessors-in-interest since Plaintiff's inception, any entities with any common directors, shareholders, and/or officers of Plaintiff, as well as every owner, director officer and employee, and any other person or entity affiliated with Plaintiff.

**RESPONSE:**  Plaintiff objects to Interrogatory No. 1 on the ground that request for the corporate structure of entities other than Plaintiff, its parents and subsidiaries is overly broad and includes information neither relevant to any claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence with respect to any claim or defense of any party. Subject to and without waiving the foregoing general and specific objections, GoForIt states that GoForIt Entertainment, LLC, 1350 East Flamingo Road, # 783, Las Vegas, Nevada 89119. Corp Number: LLC3 483-2004. FEI Number: 20-



**INTERROGATORY 7:**     Set forth the gross cost of advertising the Plaintiff's

mark GOFORIT or the services it represents for each year in which the Plaintiff

advertised the mark or, if more than one form of advertising medium was used in any one

year, differentiate the gross advertising cost for each medium in each year.

**RESPONSE:**        Goforit objects to Interrogatory No. 7 on the ground that it is vague and ambiguous.   Subject to and without waiving the foregoing general and specific objections, GoForIt states that it has advertised its services under the GoForIt mark in at least the following ways:

(a)     GoForIt sponsored floats during festivals in Florida in 2003 and 2004, resulting in a gross cost of approximately $5000.

(b)     GoForIt has distributed numerous advertising materials bearing its mark or domain name, including T-shirts, baseball hats, stickers and post cards, resulting in a gross cost of several hundred dollars.

(c)     Russell Tewksbury spoke or presented at the following engagements in support of his consulting services related to GoForIt:

- Digital Hoolywood Broadband – San Jose, California (March 2001)

- IIC 2000 – Annual Conference of the International Institute of Communications. St. Petersburg, Florida (September 2000)

- CANTO'2000    –    Carribean    Association    of    National Telecommunicaion Organizations.  Curacao, Netherlands Antilles (June 2000).

- CANTO'99 – Aruba (1999)

- American Association of Behavioral and Social Sciences.  Las Vegas, Nevada (1999).

- INET'98: The Internet Summit. Geneva, Switzerland (July 1998).

- Institute of Management Accountants (1998)

- Florida Public Relations Association (1998)

- State of Florida Commissioner of Education Debate (1998).

- Universal Access, Universal Challenges Symposium (1998).

- It's a Wild WIRED World – The Workshop! (1997 -1998).

- Association for Education In Journalism & Mass Communications (1998).

- 1997 Pinellas Education Technology & Mass Communications (1997).

- 1997 Telecommute America (October 1997).

- Independent Telephone Pioneers Association (September 1997).

- American Marketing Association; 18th Annual International Collegiate Conference New Orleans, LA (1996).

- Florida Motion Picture & Television Assoc. Florida Music Association (1996).

(d)     Russell Tewksbury authored the following articles in support of his consulting services related to GoForIt:

- Communications Technology Decisions – Bi-annual publication of the International Institute of Communications (United Kingdom) and published by Boston Hannah Ltd.; Spring 2001; "Internet 2000 – Lawyers, (Big) Guns & Money."

- InterMedia – Quarterly Journal of the International Institute of Communications (United Kingdom); September 2000; Vol

28/No.5; "The State of E-conomics."

- CANTO'2000 Proceedings – The Caribbean Association of National Telecommunication Organizations.   June 1, 2000; Curacao, Netherlands Antilles. "The Internet – What Lies Ahead?"

- InterMedia – Quarterly Journal of the International Institute of Communications (United Kingdom); February 2000; Vol 28/No. 1; "Tomorrow's Internet Today." (Cover Article).

- CANCION – Quarterly Publication of the Caribbean Association of National Telecommunication Organizations.  Volume 3/99 – "Internet Insecurity – A Call to Arms"; Volume 4/99 – "Tomorrow's Internet Today"; Volume 1/2000-"Web Caching – A Content Provider's Perspective."

- Index on Censorship (United Kingdom); Issue 5/98, September 1998; "Cache -22"

- INET'98 – The Internet Summit Proceedings – The Internet Society.  July 1998, Geneva, Switzerland.  "Is the Internet Heading for a Cache Crunch?"

- CANTO'99 Proceedings – The Caribbean Association of National Telecommunications Organizations.  May 19, 1999; Aruba.  "The Internet-Promise and Peril in the 21st Century."

- OnTheInternet Magazine (the International publication of the Internet Society and the publication of record for Internet standards); Jan/Feb 1998, Volume 4, Number 1; "Is the Internet

Heading for a Cache Crunch?" (Cover Article)

(e)      Russell Tewksbury attended the following conferences in support of his

role with GoForIt:

- AVN; Las Vegas, Nevada (2003, 2004)

- Internext; Las Vegas, Nevada (2003, 2004)

- Internext; Ft. Lauderdale, FL (2004)

- NATPE; New Orleans, LA (2000)

- Internet World; New York (1995, 1996)

- InternetWebmaster conference; Ft. Lauderdale, FL (1996)

- One BBsCon; Tampa, Florida (1995)

**INTERROGATORY 8:**      Identify   any   searches,   surveys,   investigations,

analyses, or studies by or on behalf of Plaintiff relating to any trademark, service mark,

trade name, name, word, design, term or phrase that includes the term "goforit."

**RESPONSE:**      GoForIt objects to Interrogatory No.8 on the ground that

the request is vague and ambiguous. Subject to and without waiving the foregoing

general and specific objections, GoForIt states that other than an initial trademark search

conducted by Carlton Fields during prosecution of the GOFORIT Mark, Plaintiff is

unaware of any responsive information

**INTERROGATORY 9:**      Identify Plaintiff's gross sales and profits, on a

monthly basis, since its adoption of the GOFORIT mark.

**RESPONSE:**      Plaintiff objects to Interrogatory No. 9 because it seeks

information protected from disclosure by the attorney client privilege or work product

doctrine.   Plaintiff further objects because this request is vague, ambiguous, overbroad

and unduly burdensome. Plaintiff also objects to this request because most, if not all, of this information should be in Defendants' possession. Plaintiff specifically reserves the right to provide any additional information responsive to this request as it becomes available.

**INTERROGATORY 10:** If any answer to a request for admission in HappyDay's First Requests For Admission is anything other than an unqualified admission, state with specificity the reasons for each denial of each request for admission that you denied.

**RESPONSE:** GoForIt objects to Interrogatory No. 10 on the ground that the request is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, GoForIt states the following. Please see the GoForIt's responses to HappyDays, Inc.' s First Set of Request for Admissions.

Richard A. Adams, *admitted pro hac vice*
Texas Bar No. 00786956
Phillip N. Cockrell, *admitted pro hac vice*
Texas Bar No. 04465500
Corey D. McGaha, *admitted pro hac vice*
Texas Bar No. 24057992
Leisa Beaty Pearlman
Texas Bar No. 15689960
**PATTON ROBERTS, PLLC**
2900 St. Michael Drive
400 Century Plaza
P.O. Box 6128
Texarkana, Texas 75505-6128

Alfonso Garcia Chan
Texas Bar No. 24012408

APP 233

Patrick J. Conroy
Texas Bar No. 24012448
**SHORE CHAN BRAGALONE, LLP**
901 Main Street
Suite 3300
Dallas, Texas 75202

**ATTORNEYS FOR PLAINTIFF**

## Certificate of Service

I certify that a copy of this document was served on counsel of record for Defendants via Electronic Mail and U. S. First Class Mail on June 29, 2009.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GOFORIT ENTERTAINMENT, LLC ) | |
| ) | |
| PLAINTIFF ) | |
| VS. ) | Case No. 3:08-cv-02011-D |
| ) | |
| DIGIMEDIA.COM L.P., ) | |
| CYBERFUSION.COM L.P., ) | JURY TRIAL DEMANDED |
| HAPPY DAYS, INC., ) | |
| DIGIMEDIA.COM MANAGEMENT, ) | |
| INC., and SCOTT DAY ) | |
| ) | |
| DEFENDANTS ) | |

## VERIFICATION

I, Russell Tewksbury, an officer of GoForIt Entertainment, LLC ("GoForIt"), Plaintiff in the above-entitled and numbered cause, have read Plaintiff's Answers and Objections to Defendant HappyDays, Inc.'s First Set of Interrogatories ("GoForIt Responses") and declare under penalty of perjury that the responses contained therein are true and correct to the best of my knowledge, information, and belief. GoForIt's Responses are subject to inadvertent or undiscovered errors, and are based on and, therefore necessarily limited by, the records and information in existence, presently recollected, and thus far discovered in the course of the preparation of these responses. GoForIt reserves the right to make any changes in GoForIt's Responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available.

Executed this 29th day of June, 2009.

Russell Tewksbury

APP 236