IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GOFORIT ENTERTAINMENT, LLC, § § Plaintiff- § counterdefendant, § § VS. § § DIGIMEDIA.COM L.P., et al., § § Defendants- § counterplaintiffs. § | § Civil Action No. 3:08-CV-2011-D |

MEMORANDUM OPINION
AND ORDER

The instant motion for attorney's fees and expenses under 15 U.S.C. § 1117(a) presents the question whether the moving parties have established by clear and convincing evidence that this is an exceptional case. Concluding that they have not met this high standard, the court denies the motion.

I

The pertinent background facts and procedural history of this lawsuit are set out in a prior opinion and need not be repeated at length. *See GoForIt Entm't, LLC v. DigiMedia.com L.P.*, 750 F.Supp.2d 712, 717-21 (N.D. Tex. 2010) (Fitzwater, C.J.) ("*GEL I*"). The court will add what is necessary to understand today's ruling.

In *GEL I* the court granted summary judgment in favor of defendants-counterplaintiffs ("defendants") DigiMedia.com L.P., CyberFusion.com L.P., HappyDays, Inc., Digimedia.com Management, Inc., and Scott Day as to all claims asserted against them by plaintiff-counterdefendant GoForIt Entertainment, L.L.C. ("GEL").

*Id.* at 743.  The court later entered a default judgment in favor of defendants on their counterclaims.  The court awarded as a part of the damages for one counterclaim (the reverse domain name hijacking claim under 15 U.S.C. § 1114(2)(D)(iv)) the amount of attorney's fees incurred from the commencement of this lawsuit until June 22, 2009,[1] when defendants' domain names were unlocked and the damages from reverse domain name hijacking ceased.[2]  Defendants now move under 15 U.S.C. § 1117(a) for an award of $399,262.31 in attorney's fees and expenses incurred after June 22, 2009, and for additional attorney's fees and expenses if there is an appeal.  GEL has not responded to the motion.

II

15 U.S.C. § 1117(a) provides that reasonable attorney's fees may be awarded to plaintiffs or defendants in exceptional cases. 15 U.S.C. § 1117(a)(3) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party.").  This court determines in its sound discretion whether a case is exceptional. *See Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1390 (5th Cir. 1996) (citing *Texas Pig Stands, Inc. v. Hard Rock Cafe Int'l*, 951 F.2d 684, 696-97 (5th Cir. 1992)).  The prevailing party must

---

[1]Entitlement to these attorney's fees is neither the subject of nor called into question by today's decision.

[2]*See GEL I*, 750 F.Supp.2d at 718-20, 724 (explaining terms such as "domain name," "Wildcard DNS," "third level domains," and "domain name registrar," which are used throughout this opinion as well).

demonstrate the exceptional nature of the case by clear and convincing evidence. *Id.* (citing *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 65 (5th Cir. 1992)). To demonstrate that a case is exceptional "require[s] a showing of a high degree of culpability on the part of the infringer, for example, bad faith or fraud." *Texas Pig Stands*, 951 F.2d at 697 (rejecting fee application where actions did not approach "deliberate pirating" or "egregious conduct"); *Moore Business Forms, Inc. v. Ryu*, 960 F.2d 486, 492 (5th Cir. 1992) (applying standard of "high degree of culpability" to deny award of attorney's fees). The court must consider all of the facts and circumstances when assessing whether a case is exceptional. *See Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 491 (5th Cir. 2008) (determining that defendant's violation of Lanham Act in bad faith precluded it from asserting laches defense but did not amount to malicious, fraudulent, or willful conduct justifying attorney's fees, because case involved novel issues, and bringing claim or defense might not have been in bad faith, even if violation was in bad faith); *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 490 (5th Cir. 2004) ("To demonstrate that a case is exceptional, in turn, the defendant must show that the plaintiff brought the case in bad faith.") (citation omitted); *cf. Robin Singh Educ. Servs. Inc. v. Excel Test Prep*, 291 Fed. Appx. 620, 621 & n.2 (5th Cir. 2008) (per curiam) (concluding that, to

demonstrate that case is exceptional, prevailing defendant in Fifth Circuit, unlike in other circuits, must show that plaintiff brought action in bad faith). "A party has not acted in bad faith simply by predicating its legal claim on a controversial and unsettled legal theory." *Scott Fetzer*, 381 F.3d at 490 (citing *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 531-32 (5th Cir. 2002)); *cf. CJC Holdings*, 979 F.2d at 66 ("A district court normally should not find a case exceptional where the party presents what it in good faith believes may be a legitimate defense.").

III

Defendants contend that the case is exceptional because GEL brought the lawsuit in bad faith. They maintain that GEL acted in bad faith when it induced defendants' domain name registrar to lock all of their domain names by making a blanket request for all defendant-owned domain names to be frozen rather than limiting the request to domain names where its case for infringement was strongest. Defendants posit that GEL's requests to the domain name registrar demonstrate that GEL's actual intent in filing this lawsuit was to "(1) unfairly hinder [their] ability to compete in the marketplace, (2) provide otherwise non-existent credibility to GEL's website and business . . . and (3) conduct discovery in an effort to learn and emulate [their] successful business model." Ds. Mot. 5. In support, defendants quote passages from *GEL I* in which the court denied GEL's motion for summary judgment as to

- 4 -

defendants' reverse domain name hijacking counterclaim.  In *GEL I* the court held that a reasonable jury could find that GEL acted in bad faith in requesting that the domain name registrar lock the use and transfer of all defendant-owned domain names, thereby finding that GEL violated the reverse domain name hijacking statute.  *GEL I*, 750 F.Supp.2d at 741.  As the court will explain, defendants' reliance on *GEL I* is misplaced, and they have not otherwise established by clear and convincing evidence that this case is exceptional.[3]

In *GEL I* the relevant question before the court only required that it determine at the summary judgment stage whether a reasonable jury could find by a preponderance of evidence that GEL made a knowing and material misrepresentation that a domain name was identical to or confusingly similar to a mark.  Defendants' application for attorney's fees under 15 U.S.C. § 1117(a), however, requires that they establish by clear and convincing evidence that GEL acted in bad faith.  It does not follow inexorably that the same evidence that would enable a reasonable jury to find by *a preponderance of evidence* that GEL knowingly made baseless

---

[3]In their motion, defendants also cite GEL's failure to establish at the summary judgment stage that the sham exception to the *Noerr-Pennington* doctrine did not apply.  The *Noerr-Pennington* doctrine, however, was asserted as an affirmative defense to defendants' Texas common law counterclaim for tortious interference with contract.  *See GEL I*, 750 F.Supp.2d at 742.  Accordingly, defendants cannot establish a right to relief under 15 U.S.C. § 1117(a) on this basis.

cyberpiracy or service mark infringement claims constitutes *clear and convincing evidence* that GEL knowingly made baseless claims. This is because the clear and convincing evidence standard is considerably more onerous than is the standard for establishing a genuine fact issue that precludes summary judgment. Nor have defendants adduced evidence to support their allegations that GEL brought this lawsuit as a credibility-building strategy for its website and business or that GEL abused the discovery process as a stratagem to learn its competitors' business tactics. At best, defendants can point to the weakness of GEL's claims as support for the inference that GEL acted with the required level of culpability.

For example, in *GEL I* the court acknowledged that, given the definition of "domain name" in 15 U.S.C. § 1127, a reasonable jury could find that, by accusing defendants of violating 15 U.S.C. § 1114(1) to lock defendants' domain names despite knowing that no court had previously interpreted "domain name" to include third-level domain names, GEL knowingly misrepresented that defendants' third-level domain names were unlawfully identical to or confusingly similar to its mark. *GEL I*, 750 F.Supp.2d at 735. The court concluded that, by requesting defendants' domain name registrar to freeze all defendant-owned domain names—in particular, the domain names that had no similarity to GEL's marks except by virtue of Wildcard DNS—without any evidence of actual

confusion or actual interaction of Wildcard DNS with terms resembling GEL's marks—GEL may have acted in a manner that would permit a reasonable jury to find that GEL used the lawsuit to shut down a competitor's domain names with the requisite bad intent for the purposes of 15 U.S.C. § 1125(d). *Id.* at 735-36. Nevertheless, in the context of determining whether this is an "exceptional" case under 15 U.S.C. § 1117(a), the court cannot conclude, for example, that GEL acted in bad faith simply by predicating its legal claim on a "controversial and unsettled legal theory." *Scott Fetzer*, 381 F.3d at 490. The court therefore holds that defendants have failed to establish by clear and convincing evidence that GEL acted with the requisite level of culpability to support the finding that this case is exceptional. Defendants have not persuaded the court under the high clear and convincing evidence standard that GEL was not pursuing a good faith, albeit mistaken, interpretation of "domain name." And although the court granted default judgment against GEL on the 15 U.S.C. § 1125(d) counterclaim, the court did not determine whether GEL *knowingly* misrepresented that defendants violated GEL's rights in its marks. Furthermore, even assuming *arguendo* that GEL overreached by demanding that a domain name registrar freeze domain names at a time when GEL knew that its case was weak concerning most of the domain names, it does not invariably follow, and defendants have not established by clear and convincing evidence, that GEL engaged in conduct that was

"malicious," "fraudulent," "deliberate," or "willful." *See Seven-Up*, 86 F.3d at 1390.

Although the court held at the summary judgment stage that the discovery in the case had revealed no evidence of consumer confusion, this does not of itself suggest that GEL filed suit in bad faith, with the full expectation that discovery would fail to produce evidence of confusing similarity. And the court acknowledged in *GEL I* that, so far as it was aware, no federal court had directly addressed the legality of Wildcard DNS. *See GEL I*, 750 F.Supp.2d at 724 n.9. Although the definition of "domain name" may have alerted GEL to the unlikelihood of prevailing on claims based on Wildcard DNS and third-level domain name similarity to marks, defendants have not shown by clear and convincing evidence that GEL acted in bad faith when pursuing a theory based on unsettled law. Without other evidence of bad faith aside from the novelty of GEL's claims in an unsettled area of law, defendants have not met their burden of demonstrating by clear and convincing evidence that GEL filed this lawsuit in bad faith. Absent a showing that the case is exceptional under 15 U.S.C. § 1117(a), defendants are not entitled to attorney's fees and expenses apart from what the court has already awarded as damages under 15 U.S.C. § 1114(2)(D)(iv).

* * *

For the reasons explained, defendants' April 6, 2011 motion for attorney's fees and expenses is denied.

**SO ORDERED.**

June 23, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE